**UNITED STATES of America**

v.

**John Barry WONG, Appellant.**

**No. 82–1295.**

United States Court of Appeals, Third Circuit.

Submitted Under Rule 12(6) March 7, 1983.

Decided March 30, 1983.

---

Stephen A. Madva, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for appellant.

Peter F. Vaira, Jr., U.S. Atty., Walter S. Batty, Jr., Asst. U.S. Atty., Chief of Appeals, Robert E. Welsh, Jr., Asst. U.S. Atty., Philadelphia, Pa., for appellee.

Before SEITZ, Chief Judge, HIGGINBOTHAM and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This case presents the issue whether a district court has any discretion to exclude, as unduly prejudicial, evidence that a witness had previously been convicted of a crime involving dishonesty or false statement. The district court held that it had no discretion to weigh the probative value of the prior conviction against its prejudicial effect. Agreeing with every other circuit to consider the matter, we affirm.

### I.

John Barry Wong was charged with seventeen counts of violation of the mail fraud statute, 18 U.S.C. § 1341 (1976), and two counts of violation of the Racketeer Influenced and Corrupt Organizations statute, 18 U.S.C. §§ 1961–68 (1976 & Supp. V 1981). A jury found him guilty on all counts, and he was sentenced to seven years imprisonment followed by five years probation and ordered to make restitution of $100,000.[1]

Wong had previously been convicted at least twice—a 1978 mail fraud conviction in a federal court in Pennsylvania and a 1981 Medicare fraud conviction in a federal court in Hawaii. At trial in this case, prior to putting his client on the stand, counsel for Wong moved to preclude use of these convictions for impeachment. The trial court stated that the probative value of the convictions did not outweigh their prejudicial effect. The trial court held, however, that since the two convictions were crimes involving dishonesty or false statement [so-called *crimen falsi*], under Fed.R.Evid. 609(a)(2) no balancing of prejudice against probative value was appropriate. Wong then took the stand; during his cross-examination the two convictions were introduced against him.

Wong now attacks as erroneous the legal conclusion of the trial judge that *crimen falsi* under Fed.R.Evid. 609(a)(2) are admissible as impeachment without reference to their prejudicial effect.

### II.

Fed.R.Evid. 609(a) provides as follows:

Rule 609. Impeachment by Evidence of Conviction of Crime

(a) General Rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or

---

1. Wong raises five contentions on appeal. After full consideration, we reject four of these contentions—that the district court erred in refusing to grant appellant's motion to dismiss the indictment due to prosecutorial misconduct, that a new trial is warranted due to the presentation by the government of testimony which it reasonably knew to be false, that the district court erred in allowing the government to introduce evidence concerning unrelated prior conduct of the appellant, and that the district court erred in allowing the government to present hearsay testimony—without further discussion.

false statement, regardless of the punishment.

Defendant does not dispute that his previous mail fraud and Medicare fraud convictions are crimes involving dishonesty or false statement and are therefore within 609(a)(2). *See United States v. Brashier,* 548 F.2d 1315, 1326–27 (9th Cir.1976) (mail fraud), *cert. denied,* 429 U.S. 1111, 97 S.Ct. 1149, 51 L.Ed.2d 565 (1977).

Rule 609(a) differentiates on its face between convictions for crimes punishable by imprisonment of more than one year, which are admissible under 609(a)(1), and convictions for *crimen falsi,* which are admissible under 609(a)(2). The former may be admitted only if the trial court determines that their probative value outweighs their prejudicial effect. The latter simply "shall be admitted."

Wong suggests that the apparently mandatory admission of *crimen falsi* under Fed. R.Evid. 609(a)(2) is qualified by the general balancing test of Fed.R.Evid. 403.[2] Rule 403 provides as follows:

> Rule 403. Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time
>
> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Wong asserts that the trial court therefore has the power to exclude *crimen falsi* convictions if it determines that their probative force is substantially outweighed by their prejudicial effect.

We disagree. As the First Circuit has recently noted, Rule 403 was not designed to override more specific rules; rather it was "designed as a guide for the handling of situations for which no specific rules have been formulated." *United States v. Kiendra,* 663 F.2d 349, 354 (1st Cir.1981) (quoting Fed.R.Evid. 403 advisory committee note). Rule 609(a) is such a specific rule. It was the product of extensive Congressional attention and considerable legislative compromise, clearly reflecting a decision that judges were to have no discretion to exclude *crimen falsi. Id.* at 355.

In an earlier draft, Rule 609 included a subsection, 609(a)(3), which would have allowed the court to exclude either convictions carrying an imprisonment of more than one year or *crimen falsi* convictions if it determined that their probative value was substantially outweighed by their prejudicial effect. Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, Revised Draft of Proposed Rules of Evidence for the United States Courts and Magistrates, 51 F.R.D. 315, 391 (1971). Subsection (a)(3) was described as a particularized application of Rule 403. *Id.* at 393.

Proposed section 609(a)(3) was severely criticized by Senator McClellan of Arkansas on the floor of the Senate. 117 Cong.Rec. 29,894–95 (1971). Thereafter, when the Supreme Court officially promulgated the Federal Rules of Evidence and transmitted them to the Congress, section 609(a)(3) had disappeared; at that point there was no reference in the section to any weighing by the trial judge of probative value against prejudicial effect. *See* H.R.Doc. No. 46, 93rd Cong., 1st Sess. 21 (1973) (reprinting Rules of Evidence for United States Courts and Magistrates (Nov. 20, 1972)).

Rule 609(a) then came under considerable scrutiny in Congress. Various ways of treating impeachment by conviction were proposed. The compromise that resulted in the final version of Rule 609(a) came in the Conference Committee and was described in the following terms by the Chairman of the Subcommittee on Criminal Justice of the House Judiciary Committee:

> The House version of the rule permitted the use of convictions for crimes of dishonesty or false statement. The Senate version permitted the use of convictions

---

**2.** This court has previously noted but reserved the problem of the precise relationship between Rules 609(a)(2) and 403. *See United States v.* *Provenzano,* 620 F.2d 985, 1003 n. 23 (3d Cir.), *cert. denied,* 449 U.S. 899, 101 S.Ct. 267, 66 L.Ed.2d 129 (1980).

**68**

for any felony or for any crime of dishonesty or false statement. . . .

The conference rule strikes a middle ground between the two versions, but a ground as close or closer to the House version than to the Senate's. *The conference rule provides that evidence of a conviction of a crime involving dishonesty or false statement may always be used to impeach. . . .* This constitutes no change from either the House or Senate version. The conference rule further provides that evidence of a prior felony conviction may be used for impeachment but only if the court determines that the probative value of the conviction outweighs its prejudicial effect to the defendant.

120 Cong.Rec. 40,891 (1974) (Statement of Rep. Hungate presenting the Conference Report on H.R. 5463 to the House for final consideration), *reprinted in* 1974 U.S.Code Cong. & Ad.News 7108, 7110–11 (emphasis added).

The Conference Report is likewise clear:

The admission of prior convictions involving dishonesty and false statement is not within the discretion of the Court. Such convictions are peculiarly probative of credibility and, under this rule, are always to be admitted.

H.R.Rep. No. 1597, 93d Cong., 2d. Sess. 9, *reprinted in* 1974 U.S.Code Cong. & Ad. News 7098, 7103.

Thus the legislative history of Rule 609(a)(2) unambiguously demonstrates that a judge has no authority to prohibit the government's effort to impeach the credibility of a witness by questions concerning a prior *crimen falsi* conviction. In light of this clear Congressional judgment we hold that the general balancing test of Fed.R. Evid. 403 is not applicable to impeachment by *crimen falsi* convictions under Fed.R. Evid. 609(a)(2). *Accord United States v. Kiendra,* 663 F.2d 349, 355 (1st Cir.1981); *United States v. Leyva,* 659 F.2d 118, 121–22 (9th Cir.1981), *cert. denied,* 454 U.S. 1156, 102 S.Ct. 1030, 71 L.Ed.2d 314 (1982); *United States v. Toney,* 615 F.2d 277, 280 (5th Cir.), *cert. denied,* 449 U.S. 985, 101 S.Ct. 403, 66 L.Ed.2d 248 (1980).

The judgment of the district court will be affirmed.