Charles DIGGS, Marvon Merritt, William Stovall and Leroy Edney

v.

Superintendent Edmond LYONS, Warden David Owens Deputy Warden Daughn, Sergeant Dunlevey, Correction Officers Wiley, Marlowe, Upshur, Vasquez, Bozack, Widdop and all unknown correctional officers.

Appeal of Charles DIGGS, William Stovall and Leroy Edney.

No. 83–1803.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) May 14, 1984.

Decided July 30, 1984.

Rehearing and Rehearing In Banc Denied Aug. 30, 1984.

Gibbons, Circuit Judge, filed a dissenting opinion.

Charles Diggs, pro se.

William Stovall, pro se.

Leroy Edney, pro se.

Thomas F. Crawford, Barbara W. Mather, City Sol. of Philadelphia, Barbara R. Axelrod, Deputy City Sol., Ralph J. Luongo, Asst. City Sol., Philadelphia, Pa., for appellees.

Before GIBBONS, GARTH and MARIS, Circuit Judges.

## OPINION OF THE COURT

MARIS, Circuit Judge.

The plaintiffs, Charles Diggs, Marvin Merritt, William Stovall and Leroy Edney, brought suit in the district court under 42 U.S.C. § 1983 alleging unconstitutional use of excessive force by the defendants in preventing their escape from Holmesburg county prison in Philadelphia and denial of access to legal assistance. At the close of the plaintiffs' case the trial judge directed a verdict in favor of all the defendants on the access to legal assistance claim and in favor of defendants Lyons, Owens and Daughn on the excessive use of force claim. The trial then proceeded and at the close the jury returned a verdict in favor of the remaining defendants on the excessive use of force claim. Plaintiffs Diggs, Stovall and Edney then made a timely motion for judgment n.o.v. or for a new trial. The motion was denied by the district court and the three plaintiffs filed a notice of appeal from that denial within five days thereafter.

■ Our court has jurisdiction of the appeal. While technically it was taken from the denial of plaintiffs' motion for judgment n.o.v. and a new trial, the plaintiffs' motion was timely filed after the entry of the original judgment and the notice

of appeal was timely filed after the denial of that motion. We therefore consider the appeal as taken from the final judgment. *Jackman v. Military Publications, Inc.,* 350 F.2d 383 (3d Cir.1965). Two of the appellants, Stovall and Edney, have failed, however, to file briefs or otherwise prosecute the appeal and the appellees' motion to dismiss the appeal as to them will be granted. Appellant Diggs, however, has prosecuted the appeal and we accordingly proceed to consider its merits.

■ Appellant Diggs argues that there was insufficient evidence to support the verdict and that it was therefore error for the trial judge to deny him judgment n.o.v. Our review of the evidence satisfies us, however, that it was sufficient to support the verdict and that judgment n.o.v. was properly denied. Appellant Diggs also urges that the trial judge committed errors which require a new trial and that the court therefore committed error in denying his motion to that end. One of the alleged errors was as to the trial judge's instruction to the jury as to the amount of force a correctional officer may use to prevent a prisoner's escape from custody. As to this we need only say that we have considered the instruction and are satisfied that, taken as a whole, it correctly stated the law.

There remains for consideration appellant Diggs' other alleged ground for a new trial. This is that the trial judge erred in admitting evidence of plaintiff's prior criminal convictions for impeachment purposes. Over objection by Diggs' counsel, the trial judge permitted counsel for the defendants to prove on cross-examination of him that he had been convicted within 10 years from the date of trial of the crimes of murder (two convictions), bank robbery, attempted prison escape and criminal conspiracy. In so doing the trial judge relied on Rule 609(a) of the Federal Rules of Evidence which he held to require the admission on the issue of credibility of evidence of convictions of felonies (crimes punishable by death or imprisonment in excess of one year) suffered by the witness within 10 years prior to trial. The trial judge held

that the only exception to the mandatory nature of the rule, the balancing or weighing test which it contains, relates only to evidence which might be prejudicial to the defendant and therefore did not apply to evidence of prior crimes by a plaintiff witness. Moreover, the trial judge held that Rule 403 of the Federal Rules of Evidence, which permits the exclusion of relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, was not applicable since it was not designed to override specific rules, such as Rule 609, but rather to provide a guide for handling situations for which no specific rules have been formulated. Finally, the trial judge stated at trial and reiterated in the opinion of the district court denying a new trial that he would have admitted the evidence, even if possessed of the discretion to exclude it, because of its relevance to credibility, which was very important in the case, and because of the lesser prejudice to the plaintiffs arising from the fact that the jury knew they were incarcerated.

The appellant argues that the district court erred in construing Rule 609(a) as mandatorily requiring the admission of evidence of his prior felony convictions. We proceed, therefore, to consider the legislative history of Rule 609(a) in order to determine its nature and intended effect. Rule 609(a) as it was enacted by the Congress [1] is as follows:

Rule 609. Impeachment by Evidence of Conviction of Crime

(a) General rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to

the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

The rule was the result of a long process of formulation. As originally drafted by the Advisory Committee on Rules of Evidence of the Judicial Conference of the United States, it provided:

For the purpose of attacking the credibility of a witness evidence that he has been convicted of a crime is admissible, but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted [commonly referred to as felonies] or (2) involved dishonesty or false statement regardless of the punishment [commonly referred to as crimen falsi].[2]

The Advisory Committee noted that the rule had been drawn in accordance with the congressional policy embodied in the congressional amendment of § 14–305 of the District of Columbia Code made by the Act of July 29, 1970, P.L. 91–358, 84 Stat. 473. That act had followed the weight of traditional authority which allowed the use of felonies generally without regard to the nature of the particular offense and of crimen falsi without regard to the grade of the offense. It is thus quite clear that Rule 609(a) as originally formulated, adopted by the Supreme Court and submitted to the Congress was fully mandatory and left no area of discretion to the trial judge.

In the Congress diverging views developed. There were three schools of thought. (1) That evidence of all felonies and crimen falsi should be admitted without any weighing procedure. This was what had recently been enacted by the Congress for the District of Columbia. It represented the plan embodied in the rule as submitted to the Congress by the Supreme Court and it was urged in the House by Representative Hogan [3] and in the Sen-

---

1. Act of Jan. 2, 1975, P.L. 93–595, § 1, 88 Stat. 1935.

2. H.Doc. 46, 93d Cong., 1st Sess. (1973).

3. 120 Cong.Rec. 2375.

ate by Senator McClellan.[4] (2) That evidence of crimen falsi should be freely admissible but that the weighing procedure should be applied in the case of felonies other than crimen falsi. This point of view was advanced by Representative Smith in the House.[5] It was adopted by the House subcommittee [6] but rejected by the House Judiciary Committee [6] and the House.[7] (3) That evidence of crimen falsi alone should be admissible. This view was advanced by Representative Dennis [8] and the House Judiciary Committee [6] and was the version adopted by the House which voted down positions (1) and (2).[7]

When the rule came to the Senate, the Judiciary Committee proposed a compromise.[9] With respect to defendants, only convictions of crimen falsi might be used. With respect to other witnesses, convictions of felonies might also be used subject to the balancing test. On the floor of the Senate Senator McClellan offered an amendment [4] providing for admission of all felonies and crimen falsi with no balancing test, in effect, the version originally prepared by the Advisory Committee and forwarded by the Supreme Court. Senator McClellan's amendment was adopted by the Senate.[10] Thus, the Conference Committee of the two houses was presented with a House draft permitting only crimen falsi to be admitted and a Senate draft which made all felonies freely admissible in addition to crimen falsi.

The present form of Rule 609(a) is the compromise between the two houses proposed by the Conference Committee. Its effect was to accept the McClellan amendment which the Senate had adopted, with the modification that the weighing test be applied to the admission of felonies but only with respect to the "prejudicial effect

to the defendant". In their report the conferees on the part of the House stated:

With regard to the discretionary standard established by paragraph (1) of rule 609(a), the Conference determined that the prejudicial effect to be weighed against the probative value of the conviction is specifically the prejudicial effect *to the defendant.* The danger of prejudice to a witness other than the defendant (such as injury to the witness' reputation in his community) was considered and rejected by the Conference as an element to be weighed in determining admissibility. It was the judgment of the Conference that the danger of prejudice to a nondefendant witness is outweighed by the need for the trier of fact to have as much relevant evidence on the issue of credibility as possible. Such evidence should only be excluded where it presents a danger of improperly influencing the outcome of the trial by persuading the trier of fact to convict the defendant on the basis of his prior criminal record.[11]

From the report it seems clear that it was the defendant in a criminal case the conferees had particularly in mind as to the balancing test. Both houses adopted the Conference Report [12] and the language it proposed is now the rule. Thus, the version of Rule 609(a) which finally passed and is now the law was substantially the same as the draft originally submitted by the Advisory Committee with the sole exception of the weighing clause with respect to possible prejudice to the defendant. In all other respects the final rule, just as the original draft, made all convictions of a witness for felonies and crimen falsi freely admissible.

As we have seen, the congressional attention seems to have been focused largely

---

**4.** 120 Cong.Rec. 37075.

**5.** 120 Cong.Rec. 2377.

**6.** House Rep. 93–650.

**7.** 120 Cong.Rec. 2381.

**8.** 120 Cong.Rec. 2377.

**9.** Sen.Rep. 93–1277.

**10.** 120 Cong.Rec. 37083.

**11.** House Rep. 93–1597.

**12.** 120 Cong.Rec. 40070, 40897.

on criminal cases and the defendant in those cases. But the original rule drawn by the Advisory Committee and submitted by the Supreme Court had no such limitation. Its broad language applied to all cases, criminal and civil, in which witnesses testified in federal courts. And the legislative history makes it clear that the members of Congress recognized this. Thus, Representative Dennis in floor debate in the House on February 6, 1974 stated that the rule applies not only to a man who is a defendant in a criminal case but also to any witness.[13] And later in the debate Representative Hogan pointed out that the rule "applies in civil cases as well as criminal cases to all witnesses."[14] Representative Wiggins urged those who would be on the conference committee "to consider separating out the criminal problem from the civil problem and the nonparty witness situation from the case where the party is a witness,"[15] but this was never done. Also in the same debate Representative Lott stated, "I think it is essential to recognize that this is a rule that would have application in both civil and criminal cases."[16] We find no suggestion in the legislative history by anyone that Rule 609(a) did not apply to civil cases and we think its general language compels the conclusion that it does apply to a civil case such as the one now before us.

The appellant urges that, nonetheless, Rule 403 of the Federal Rules of Evidence applies and authorizes the trial judge to weigh the danger of unfair prejudice to any witness against the probative value of evidence of prior felony convictions of the witness and that the trial judge erred in suggesting that, if he had that discretion, he would have exercised it in favor of admissibility. We, therefore, turn to consider the operation and effect of Rule 403.

Rule 403 provides:

Rule 403. Exclusin of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.[17]

In *United States v. Wong*, 703 F.2d 65 (3d Cir.1983), this court held that Rule 403 did not modify Rule 609(a) insofar as the latter required the admission of prior convictions of crimen falsi of a defendant who testified in his criminal trial. As to this we said (703 F.2d 67):

As the First Circuit has recently noted, Rule 403 was not designed to override more specific rules; rather it was "designed as a guide for the handling of situations for which no specific rules have been formulated." *United States v. Kiendra*, 663 F.2d 349, 354 (1st Cir. 1981) (quoting Fed.R.Evid. 403 advisory committee note). Rule 609(a) is such a specific rule. It was the product of extensive Congressional attention and considerable legislative compromise, clearly reflecting a decision that judges were to have no discretion to exclude *crimen falsi. Id.* at 355.

*Wong* involved a criminal case and evidence of convictions of crimen falsi while the present case is civil and involves evidence of convictions of felonies which were not crimen falsi. Thus, *Wong* is not direct authority here. But we think its rationale is equally applicable here. Rule 609 in mandatory terms requires the admission on the issue of credibility of evidence of prior convictions of felonies suffered within 10 years unless they might prejudicially affect the defendant, in which case their probative value is to be weighed

---

13. 120 Cong.Rec. 2377.

14. 120 Cong.Rec. 2379.

15. 120 Cong.Rec. 2379.

16. 120 Cong.Rec. 2381.

17. Act of Jan. 2, 1975, P.L. 93–595, § 1, 88 Stat. 1932.

against that prejudicial effect. This language was thoroughly threshed out in the Congress and we are satisfied that it was the congressional intent that except in cases of possible prejudice to the defendant judges were to have no more discretion in admitting evidence of felony convictions than evidence of crimen falsi and that no distinction in this regard could be made between civil and criminal cases. In *United States v. Nevitt*, 563 F.2d 406, 408–9 (9th Cir.1977), *cert. denied*, 444 U.S. 847, 100 S.Ct. 95, 62 L.Ed.2d 61 (1979); *United States v. Martin*, 562 F.2d 673, 680 n. 16 (D.C.Cir.1977); and *United States v. Dixon*, 547 F.2d 1079, 1083 (9th Cir.1976), all criminal cases, the courts upheld the mandatory admissibility against prosecution witnesses (in the *Dixon* case a government informer called by the defense) of felony convictions which were not crimen falsi. Their rationale applies equally to the treatment under Rule 609(a) of plaintiff's witnesses in a civil case.

█ In *Furtado v. Bishop*, 604 F.2d 80 (1st Cir.1979), *cert. denied*, 444 U.S. 1035, 100 S.Ct. 710, 62 L.Ed.2d 672 (1980), the court was presented with the issue whether Rule 403 operated to modify the mandatory provisions of Rule 609(a) but decided that it need not resolve that issue. In *Czajka v. Hickman*, 703 F.2d 317 (8th Cir.1983), and *Shows v. M/V Red Eagle*, 695 F.2d 114 (5th Cir.1983), both civil cases, the courts, without considering the legislative history, decided, we think wrongfly, that Rule 403 did operate to modify Rule 609(a). For the reasons already stated we decline to follow those cases. We accordingly hold that the district court in the present case rightly decided that Rule 609(a) compelled the admission of evidence of Diggs' prior convictions and that Rule 403 did not give discretionary authority to exclude them as prejudicial to the witness. We, therefore, have no need to consider the trial judge's suggestion that he would have admitted them in any event in the exercise of his discretion if he had been given such discretion.

One further thing needs to be said. As the legislative history discloses, the scope of Rule 609 has been and is the subject of widespread controversy and strongly held divergent views. We have felt compelled to give the rule the effect which the plain meaning of its language and the legislative history require. We recognize that the mandatory admission of all felony convictions on the issue of credibility may in some cases produce unjust and even bizarre results. Evidence that a witness has in the past been convicted of manslaughter by automobile, for example, can have but little relevance to his credibility as a witness in a totally different matter. But if the rule is to be amended to eliminate these possibilities of injustice, it must be done by those who have the authority to amend the rules, the Supreme Court and the Congress. We, therefore, leave the problem to them. It is not for us as enforcers of the rule to amend it under the guise of construing it.

The judgment of the district court will be affirmed.

GIBBONS, Circuit Judge, dissenting:

The majority notes, correctly, that *United States v. Wong*, 703 F.2d 65 (3d Cir. 1983) (per curiam), is not dispositive of this appeal since there the court applied Fed.R. Evid. 609(a)(2) to admit evidence of prior *crimen falsi* convictions in a subsequent criminal case. In contrast, this case is a civil action involving the question of the admissibility of prior felony convictions under Rule 609(a)(1).

Rule 609(a) states:

For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines

that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

Other courts of appeal have reviewed Rule 609 and concluded that the mandatory admission feature of prior *crimen falsi* convictions does not apply to the admissibility of prior felony convictions in civil cases. *See Czajka v. Hickman,* 703 F.2d 317, 318 (8th Cir.1983) ("Rule 403 ... must be applied in civil cases when a party seeks to cross-examine another about criminal convictions."); *Shows v. M/V Red Eagle,* 695 F.2d 114, 118–19 (5th Cir.1983) (civil case wherein Rule 403 modified Rule 609). *Cf. Furtado v. Bishop,* 604 F.2d 80, 93 (1st Cir.1979), *cert. denied,* 444 U.S. 1035, 100 S.Ct. 710, 62 L.Ed.2d 672 (1980) (court declined to resolve application of Fed.R.Evid. 403). The majority opinion creates a split among circuits by holding, for the first time, that in civil cases admission of prior felony convictions for the impeachment of any witness is mandatory. That result, placing use of such evidence outside the reach of the district court's discretion under Fed.R.Evid. 403, makes no sense whatever, for it mandates admission of such evidence against totally disinterested witnesses testifying, for example, about whether a light at an intersection was red or green.

The snippets of legislative history in which four Members of Congress anticipated that some court might reach so ridiculous a result, 120 Cong.Rec. 2377, 2379, 2381, do not persuade me that the result was intended by Congress. The overwhelming weight of the legislative background material on Rule 609 suggests a preoccupation by Senator McClellan and others with defendants in criminal proceedings. The result was, in my view, a legislative oversight as to the legislation's effect upon civil plaintiffs. By the time the oversight was recognized by Congressmen Dennis, Hogan, Wiggins and Lott legislative fatigue had set in, and the resulting ambiguity in Rules 403 and 609(a) was left unresolved.

Those courts which have considered whether Rule 609(a) evidence is, in civil cases, within the reach of the trial court's discretion under Rule 403 have taken the sensible approach of construing the rules reasonably, consistent with the "law and order" concerns of the proponents of extensive use of other crimes evidence. Nor did those courts, by eliminating the possibility of the patent injustices which can result from extending the mandatory application of Rule 609(a) to civil cases, invade the province of Congress. No matter which way these ambiguous rules are interpreted, Congress is free to change the interpretation by legislation. The realities of the legislative process are such, however, that congressional action will not be soon forthcoming, if at all. Meanwhile, in those circuits which have interpreted the two rules so as to achieve a reasonable accommodation in civil cases, that reasonable accommodation will stand. In this circuit, on the other hand, concededly bizarre results will be mandated by our rigid application of Rule 609(a) in civil cases which were not of real concern to Congress. Accordingly, I dissent.