UNITED STATES of America

v.

Abe SEROT.

Crim. No. 85–00055.

United States District Court,
E.D. Pennsylvania.

April 16, 1985.

MEMORANDUM

NEWCOMER, District Judge.

Defendant Abe Serot is charged with four counts of wilful tax evasion (26 U.S.C. § 7201) and four counts of wilful filing of false tax returns (26 U.S.C. § 7206(1)). Presently before the Court is defendant's motion *in limine* to preclude the government from introducing any evidence or making any reference to defendant's prior conviction for submitting false statements to the Federal Housing Administration (18 U.S.C. § 1010). For reasons set forth below, this motion will be denied.

In January 1973, defendant pleaded guilty to nine counts of an eighteen count indictment with charges brought under 18 U.S.C. §§ 1001, 1010, 709 and 2. Judge Ditter of this Court sentenced defendant on April 2, 1973 to four months imprisonment and a $600 fine. Defendant surrendered for commitment on March 25, 1974. Hence the sentence was complete in July 1974, ten years and seven months prior to the indictment in this case.

Since the conviction is over ten years old, its admissibility is governed by Rule 609(b) of the Federal Rules of Evidence:

Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.[1]

---

1. The government informed defense counsel in    a letter of March 6, 1985 of its intent to use at

The conviction is thus admissible only upon a finding that its probative value "substantially outweighs" any prejudice to defendant. The Third Circuit has set forth four important factors to consider: "(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the witness' testimony to the case; (4) the importance of the credibility of the defendant." *Government of Virgin Islands v. Bedford,* 671 F.2d 758, 761 n. 4 (3d Cir.1982).

 Here a review of the pertinent factors militates in favor of admitting the prior conviction. The crime involved—submitting false statements—is one of a deceitful nature having a direct bearing on the defendant's credibility, namely his truthfulness. As a *crimen falsi,* were the conviction less than ten years old, this court would have no discretion to exclude the conviction under Fed.R.Evid. 609(a). *See United States v. Wong,* 703 F.2d 65, 68 (3d Cir.), *cert. denied,* 464 U.S. 842, 104 S.Ct. 140, 78 L.Ed.2d 132 (1983). Also, the conviction does not appear to be of such a remote time as to render it devoid of its probative value. Under Fed.R.Evid. 609(b), the conviction is considered to be 10 years and seven months old. The time begins to run from the date of release (July 1974) since the release is later than the conviction.[2]

Moreover, defendant is expected to take the stand. This prior conviction will be critical and highly probative evidence of his propensity for truthfulness. Defense counsel argues that it is precisely because defendant's credibility is in issue that this Court should exclude the prior conviction. Thus, counsel argues that defendant's credibility will be severely undermined and prejudiced if the jury learns of his prior conviction. However, placing defendant's credibility in issue raises the probative value of the prior conviction, contrary to defense counsel's suggestion. The jury should

have before it evidence that allows it to assess defendant's credibility as a witness. Any prejudice that inevitably adheres when the jury learns of a defendant's prior conviction is substantially outweighed by the probative value here. Courts considering situations factually akin to this one have resolved the issue in favor of allowing the use of the conviction at trial. *See United States v. Gilbert,* 668 F.2d 94, 97 (2d Cir. 1981), *cert. denied,* 456 U.S. 946, 102 S.Ct. 2014, 72 L.Ed.2d 469 (1982); *United States v. Brown,* 603 F.2d 1022, 1028 (1st Cir. 1979).

In sum, I believe that the combination of factors—the prior crime involved submitting false statements, the defendant's credibility will be crucial to the outcome of the case, and the conviction is just over ten years old—support my finding that this prior conviction, albeit more than 10 years old, is substantially more probative than prejudicial.

---

trial defendant's prior 1973 conviction for submitting false statements to the Federal Housing Administration. Defense counsel does not dispute the adequacy of this notice.

**2.** Defendant stated that the conviction is over 12 years old. However, as noted above, the calculation of time runs from the date of conviction or the date of release, whichever is later. Fed. R.Evid. 609(b).