### Joyce Taylor GREEN and John J. Green

#### v.

### SHEARSON LEHMAN/AMERICAN EXPRESS, INC. and Donald G. Kurtz.

#### Civ. A. No. 85-1368.

United States District Court, E.D. Pennsylvania.

Dec. 9, 1985.

---

Edward M. Dunham, Jr., Miller, Marvin, Dunham, Doering, Schreiber & Sloan, Philadelphia, Pa., for plaintiffs.

John J. Murphy, III, Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

FULLAM, District Judge.

Plaintiffs in this securities litigation have filed a motion in limine, seeking to preclude the defendants from establishing before the jury that the husband plaintiff was convicted more than five years ago in Massachusetts, for possessing cocaine with intent to distribute—an offense for which he served six months in jail and a term of probation. The defendants oppose the motion, citing the recent decision of the Third Circuit Court of Appeals in *Diggs v. Lyons,* 741 F.2d 577 (3d Cir.1984), *cert. denied,* — U.S. ——, 105 S.Ct. 2157, 85 L.Ed.2d 513 (1984), to the effect that Rule 609(a) of the Federal Rules of Evidence mandates the admission of previous felony convictions for impeachment purposes in civil cases,

and that the trial judge has discretion to exclude such evidence only when offered against a defendant in a criminal case.

I am, of course, bound to follow the *Diggs* holding, and there can be no question that the holding was that the trial judge *must* admit, for purposes of impeachment, evidence that the plaintiff in a civil case was previously convicted of a felony. Both the majority and dissenting opinions in *Diggs* recognized that the holding would lead to bizarre results, plainly not foreseen by the rule-makers; but the majority concluded that the language of Rule 609(a) and the legislative history left it no choice.

Were it not for the *Diggs* holding (which is, as there acknowledged, at odds with all other appellate decisions on the subject), my analysis would proceed along the following lines: Rule 609(a) expressly provides that previous felony convictions are not admissible for purposes of impeachment unless "the court determines that the probative value of admitting this evidence outweighs its prejudicial effect *to the defendant*" (emphasis supplied); the words "to the defendant" refer to the person who was the defendant in the criminal case resulting in the felony conviction; therefore, the balancing test, and the exercise of discretion, is mandated in all cases, civil or criminal. It is very probably true that the net result would be to permit impeachment of non-party witnesses by evidence of their previous felony convictions—a non-party witness is unlikely to have any interest in the trial which could be prejudiced by the use of such impeaching evidence. But with respect to parties to litigation, whether criminal or civil, the balance would often be struck in favor of excluding the prior convictions. I would reach this result from the language of Rule 609(a) itself, without the need to resort to Rule 403.

Of course, if Rule 403 were held applicable, the existence of discretionary authority to exclude such impeaching evidence would follow *a fortiori.* In *U.S. v. Wong,* 703 F.2d 65 (3d Cir.1983) *(per curiam),* the court held that Rule 403 does not override specific provisions of other rules, but is merely a catch-all provision governing situ-

ations not dealt with explicitly elsewhere in the Rules. The *Wong* case involved impeachment by conviction of *crimen falsi,* under Rule 609(a)(2), and it would indeed be difficult to reconcile Rule 403's balancing test with the mandatory language of Rule 609(a)(2). I suggest, however, that here is no inconsistency between Rule 403 and the first clause of Rule 609(a). The latter is certainly not an express requirement that previous felony convictions be received for impeachment—such prior convictions are not to be admitted in evidence unless their probative value outweighs their prejudice.

It is not altogether clear whether the *Diggs* court held that the words "prejudicial effect to the defendant" referred only to defendants in criminal cases, or whether the ruling was merely that these words do not include plaintiffs in civil cases, or non-party witnesses. If the latter reading is the correct one, I respectfully suggest that there may well be due process and equal protection implications in the holding.

■ Be all that as it may, I am required to apply the law as established in *Diggs.* Plaintiffs' motion in limine will therefore be denied.

It will, of course, remain open for the court to instruct the jury concerning the weight to be given to such impeaching evidence, if offered.