**UNITED STATES of America**

v.

**Joseph D'AGATA, Sr.**

**Crim. A. No. 86–00245–01.**

United States District Court, E.D. Pennsylvania.

Oct. 10, 1986.

Lee Dobkin, Asst. U.S. Atty., U.S. Attorney's Office, Philadelphia, Pa., for the U.S.

Anthony Zarrillo, Cherry Nill, N.J., for Joseph D'Agata, Sr.

Robert Agre, Camden, N.J., for Joseph A. D'Agata, Jr.

John Rogers Carroll, Thomas Colas Carroll, Philadelphia, Pa., for Joseph DiVenti.

## MEMORANDUM AND ORDER

KATZ, District Judge.

The prosecution seeks to impeach Joseph D'Agata, Sr. with his sixteen year old perjury conviction if D'Agata chooses to testify in this case charging him with conspiracy as well as possession, receipt and transportation of stolen goods. Fed.R. Evid. 609(b) precludes the admission into evidence of a conviction when more than ten years has elapsed since the date of conviction or of release from confinement for conviction, whichever is later, unless the court decides that, in the interests of justice, the probative value of the conviction, supported by specific facts and circumstances, substantially outweighs its prejudicial effect and the proponent provides notice of intent to use such conviction. The government has provided notice of its intent to use such conviction, as required by the rule, and now moves *in limine* to be permitted to introduce such evidence under Rule 609(b).

Three District Judges in this Circuit have applied Rule 609(b) to convictions over 10 years old. In *U.S. v. Forte*, No. CR 85–141, slip op. (E.D.Pa. July 15, 1985), Judge VanArtsdalen held that the defendant's twelve year old firearms violation would probably not be admissible to impeach his testimony in a proceeding on drug charges. *Id.*, slip op. at 26. In *U.S. v. Chavez*, No. CR 83–344, slip op. (E.D.Pa. June 14, 1985), Judge Ditter refused to allow the defendant to use the government witness' twelve year old conviction for uttering bad checks for impeachment purposes. In *U.S. v. Serot*, 648 F.Supp. 494 (E.D.Pa.1985), Judge Newcomer ruled that the evidence of Serot's prior conviction for submitting false statements to the Federal Housing Administration could be introduced to impeach Serot's credibility. Serot's conviction was ten years and seven months old.

Judge Newcomer applied the criteria regarding admissibility of prior convictions from *Government of Virgin Islands v. Bedford*, 671 F.2d 758, 761 n. 4 (3rd Cir.1982). The four factors in *Bedford* are:

(1) the kind of crime involved

(2) when the conviction occurred

(3) the importance of the witness's testimony to the case

(4) the importance of the credibility of the defendant.

Although *Bedford* construed 609(a)(1) and not 609(b), both require that the court balance probative value and prejudicial effect.[1]

Another list of factors for applying Rule 609(a) was provided in *U.S. v. Mahone*, 537 F.2d 922 (7th Cir.1976), *cert. denied*, 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627 (1976). That Court noted that District Courts should consider: the impeachment value of the prior crime (the greater the impeachment value, the higher the probative value); the point in time of the conviction and the witness' subsequent history (the greater the time between prior conviction and present trial, the higher the prejudicial value; subsequent criminal history, if any, will increase probative value); the similarity between the past crime and the charged crime (the greater the similarity, the higher the prejudicial value because of impermissible inferences of guilt); the importance of the defendant's testimony (the greater the importance of defendant's testimony, the higher the probative value and prejudicial effect); and the centrality of the credibility issue (the greater the credibility issue, the higher the probative value and prejudicial effect). *Id.* at 929.

Applying Rule 609(b) in *U.S. v. Murray*, 751 F.2d 1528 (9th Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 381, 88 L.Ed.2d 335 (1985), the Court upheld a decision under 609(b) to admit evidence of an old conviction for receiving stolen property against the defendant because there was a signifi-

---

1. Under 609(a)(1) the court must merely determine that probative value outweighs prejudicial effect. For convictions more than ten years old, under 609(b), the probative value must *substan-* *tially* outweigh prejudicial effect and this balance must be supported by specific facts put forward by the proferring side.

cant conflict in testimony between the defendant and the government's key witness, and because the crime for which the defendant had been convicted suggested a lack of veracity. *Id.* at 1533. In *U.S. v. Gilbert*, 668 F.2d 94 (2d Cir.1981), *cert. denied,* 456 U.S. 946, 102 S.Ct. 2014 (1982), the Court upheld the trial court's decision to admit Gilbert's mail fraud conviction although more than 10 years had elapsed since Gilbert's release from jail. The trial court found that:

> [S]hould Gilbert choose to testify, his credibility would be a crucial issue, that the impeachment value of a fraud conviction was high, that the two crimes [mail fraud and conspiracy to manipulate securities trading] were not so similar as to invite proper inferences and that the age of the prior conviction and the defendant's subsequent history did not suggest that he had abandoned his earlier ways.

*Id.* at 97.

In *U.S. v. Cavender*, 578 F.2d 528 (4th Cir.1978), The Court, noting the Senate's intention that convictions more than 10 years old be used "very rarely and only in exceptional circumstances," stressed that the "Rule prescribes not simply a determination or finding by the District Court but one supported by 'specific,' i.e. articulated facts." *Id.* at 530. It further held that "the burden of establishing such 'specific facts and circumstances' supportive of the District's Court's determination is imposed on the Government." *Id.*

When to decide this question also presents an uncertain question. The Supreme Court held in *Luce v. U.S.,* 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984) that a defendant cannot raise the issue of error in admitting a prior conviction for impeachment unless the defendant testified at trial. The Supreme Court reasoned that "a re-viewing court is handicapped in any effort to rule on subtle evidentiary questions outside a factual context." *Id.* at 463.[2] However, the Supreme Court dealt with a conviction less than ten years old where the balancing test is different from Rule 609(b) which this case involves. Other courts have considered Rule 609(b) issues raised by defendants who did not testify at trial. *See U.S. v. Brown,* 603 F.2d 1022 (1st Cir.1979); *U.S. v. Gilbert, supra; U.S. v. Cavender, supra.* Of course, Courts have also considered this issue where the defendants did testify. *See U.S. v. Murray, supra; U.S. v. Spero,* 625 F.2d 779 (8th Cir.1980).[3]

Rule 609(b) makes it plain that a District Court must make findings of specific facts and circumstances which support its conclusion that the probative value of the conviction *substantially* outweighs any prejudicial effect. *See Gilbert, supra; Cavender, supra.*

■ Applying the governing factors to this case results in a close and difficult decision. Some point toward admission of D'Agata's perjury conviction, some point toward exclusion, and some point in both directions. The nature of D'Agata's prior conviction points in favor of admission, as the impeachment value of a perjury conviction is extremely high. In addition, because there is little similarity between the perjury conviction (false grand jury testimony regarding D'Agata's affiliations with local Teamsters Union Leaders) and the crimes charged in the instant case, the likely prejudicial effect of introducing the perjury convictions would be "arguably" low. The Court could hope to limit the prejudicial effect of D'Agata's overage convictions by instructing the jury that these convictions are admitted for impeachment

**2.** Permitting defendant to testify before ruling would also aid the court in findings its 'specific facts and circumstances'.

**3.** An interesting exception to the requirement of specificity in ruling on 609(b) questions arose in *U.S. v. Cobb,* 588 F.2d 607 (CA8 1978) *cert. denied,* 440 U.S. 947, 99 S.Ct. 1426, 59 L.Ed.2d 636, where the Eighth Circuit held that the de-fendant waives his objections to the trial court's pre-trial ruling to permit impeachment when the defendant brought up his prior convictions on direct-examination. The Court also stated that the defendants adversely affected by a ruling under 609(b) should raise their objections at the close of the prosecution's case.

purposes only. However, balanced against these factors is the fact that sixteen years have passed since the perjury conviction. Of the three reported cases in this District, two twelve-year-old convictions were excluded and only a conviction little more than ten years was admitted. Both sides agree that D'Agata's credibility, should he testify, will be a crucial issue. The main evidence against D'Agata is the testimony of a witness who claims he discussed buying the stolen goods from defendant. Thus, the credibility issue is central and D'Agata's testimony would be important, which are considerations for both admitting and excluding the evidence from each side's point of view.

Weighing these factors, I cannot bring myself to deny D'Agata a fair opportunity to defend himself by testifying, if he wishes to do so. That would be the practical effect of allowing this impeachment. If the Rule intended an exception for old perjury convictions, it could have specified one.

While I could probably wait until D'Agata testified to decide this issue, it would be unfair to do so. The uncertainty would chill his exercising the right to testify.

### ORDER

AND NOW, this 10th day of October, 1986, it is hereby ORDERED that for the foregoing reasons, the government's motion in limine to permit impeachment of Joseph D'Agata by evidence of his sixteen year old perjury conviction is DENIED.