**Elwood L. PETTIJOHN**

v.

**Chief Martin WUSINICH, Detective David Peifer and Detective David Mucker.**

**No. 88–1477.**

United States District Court, E.D. Pennsylvania.

Feb. 14, 1989.

Karen A. Holton, LaBrum & Doak, Philadelphia, Pa., for plaintiff.

John Churchman, Media, Pa., for Chief Martin Wusinich.

William F. Holsten, II, Media, Pa., for Detective David Peifer.

Paul R. Bartolacci, Media, Pa., for Detective David Mucker.

MEMORANDUM AND ORDER

KATZ, District Judge.

In this civil rights action brought pursuant to 42 U.S.C. § 1983, plaintiff, Elwood L. Pettijohn, alleges that on July 10, 1987 he was arrested in Delaware by defendants, Pennsylvania police officers, without a warrant and without probable cause. Mr. Pettijohn further alleges that he was then transported involuntarily across state lines to Pennsylvania, where he was interrogated for a period of several hours, after which time he was released. Defendants' conduct occurred during the course of their investigation of a June 27, 1987 bank rob-

**260**

bery in Media, Pennsylvania. Ultimately Mr. Pettijohn was arrested and brought to trial in state court on criminal charges stemming from the June 27, 1987 incident. On May 5, 1988, a jury found Mr. Pettijohn guilty on these charges. Mr. Pettijohn has not yet been sentenced in the criminal case. This civil case, which was filed by Mr. Pettijohn on February 24, 1988 and is scheduled to proceed to jury trial on February 21, 1989, is currently before the court on two motions *in limine* submitted by Mr. Pettijohn, one to preclude prior convictions, the other to preclude the May 5, 1988 finding of guilt for bank robbery.

*Plaintiff's motion to preclude prior convictions*

Plaintiff asserts that he must personally testify at trial in order to substantiate his civil rights claim. If he does testify, pursuant to Federal Rule of Evidence 609 his credibility may be subject to impeachment by evidence of certain prior convictions. In this motion, plaintiff contends that, for purposes of impeaching his credibility as a witness, evidence of all convictions over ten years old should be precluded from being offered at trial.

Rule 609(b) sets forth the standard governing admissibility for impeachment purposes of convictions more than ten years old. The rule provides that evidence of such convictions is not admissible "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed.R.Evid. 609(b). Plaintiff argues, citing Rule 609(b) for support, that evidence of the following convictions must be precluded:

1. September 30, 1974 conviction for theft, receiving stolen goods and conspiracy.

2. March 21, 1975 conviction for burglary, criminal trespass, theft and receiving stolen goods.

3. February, 1975 conviction for resisting arrest.

4. August 12, 1975 conviction for resisting a police officer.

5. November 7, 1975 conviction for retail theft.

6. January, 1976 conviction for retail theft.

7. August 2, 1976 conviction for theft by deception.[1]

In a recent decision construing Rule 609(b), this court noted that among the factors to be taken into account in balancing probative value against prejudicial effect in this context are: the kind of crime involved; when the conviction occurred; the importance of the witness' testimony to the case; the centrality of the witness' credibility; the impeachment value of the prior crime; and the similarity of the past crime to the case *sub judice*. *U.S. v. D'Agata*, 646 F.Supp. 390, 391 (E.D.Pa. 1986), *citing Government of Virgin Islands v. Bedford*, 671 F.2d 758, 761 n. 4 (3d Cir.1982) *and U.S. v. Mahone*, 537 F.2d 922 (7th Cir.), *cert. denied*, 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627 (1976).

■ Several of these convictions obviously involve criminal acts similar to the crime, bank robbery, for which Mr. Pettijohn was recently tried and is now awaiting sentencing in state court. In this court, however, Mr. Pettijohn is not being tried for any crime. What is narrowly at issue here is defendants' alleged violation of Mr. Pettijohn's constitutional rights. Plaintiff's overage convictions have minimal probative value in this civil context. Moreover, plaintiff's case is likely to succeed or fail largely on the basis of his own testimony. His credibility on the stand may therefore be of decisive importance. Admission of Mr. Pettijohn's old convictions might seriously and unjustly prejudice his credibility in the eyes of the jury, in effect depriving him of an opportunity for a fair

---

**1.** At the pre-trial conference, plaintiff's attorney did not contest the admissibility of any convictions less than ten years old. Defendants' brief enumerates these convictions as follows: a) October 17, 1977 conviction for second degree robbery and third degree conspiracy; b) March 15, 1978 conviction for theft and aggravated assault; and c) August 13, 1978 conviction for bank robbery.

trial. Under these circumstances, I am unable, as required by Rule 609(b), to find specific facts and circumstances supporting a conclusion that the probative value of these convictions substantially outweighs any prejudicial effect that may arise from their admission. *D'Agata*, 646 F.Supp. at 392. Therefore, evidence of the seven convictions listed above is inadmissible at trial.

*Plaintiff's motion to preclude the guilty verdict*

The question of whether or not the May 5, 1988 jury finding of guilt for bank robbery is admissible is governed by Rule 609(a), which provides, in pertinent part:

> For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established ... during cross-examination but only if the crime (1) was punishable by ... imprisonment in excess of one year ... and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant....

Fed.R.Evid. 609(a).

The threshold question presented by this motion is whether the mere verdict of guilty, absent a final judgment, is a "conviction" within the meaning of Rule 609(a). Although a novel issue in the third circuit, it is well settled in other circuits that "a verdict of guilty where judgment and sentence have not been entered is admissible for impeachment purposes where it otherwise meets the requirements of Fed.R.Evid. 609." *U.S. v. Klein*, 560 F.2d 1236, 1240 (5th Cir.1977); *see U.S. v. Smith*, 623 F.2d 627 (9th Cir.1980); *U.S. v. Vanderbosch*, 610 F.2d 95 (2d Cir.1979); *U.S. v. Duncan*, 598 F.2d 839 (4th Cir. 1979). The cases require, however, that the fact that judgment has not yet been entered, as well as the pendency of motions, if any, be revealed to the jury. *Vanderbosch*, 610 F.2d at 97; *Klein*, 560 F.2d at 1241; *Smith*, 623 F.2d at 631.

The May 5, 1988 guilty verdict is thus equivalent to a conviction for purposes of Rule 609. As such, it is admissible if it meets the standard set out by the rule and as interpreted by the courts. The relevant authority here is *Diggs v. Lyons*, 741 F.2d 577 (3d Cir.1984), which holds, in pertinent part, that in civil cases the balancing test enunciated in Rule 609(a) (evidence of prior conviction admissible if "the probative value of admitting this evidence outweighs its prejudicial effect to the defendant") is to be applied only in instances where admission might prejudicially affect the *defendant* in the civil case; where the evidence might prejudicially affect a *witness*, admission is mandatory. *Diggs*, 741 F.2d at 581–82. Under *Diggs*, I have no discretion to exclude the May 5, 1988 "conviction" for bank robbery, because Mr. Pettijohn is the plaintiff in this case, testifying as witness on his own behalf, and not a defendant. Accordingly, the finding of guilt is admissible.

Having recognized the binding authority in this jurisdiction of the *Diggs* holding and its application to this case, I also note that the *Diggs* rule is currently under review by the Supreme Court. *Green v. Bock Laundry Machine Co.*, 845 F.2d 1011 (3d Cir.), *cert. granted*, — U.S. —, 108 S.Ct. 2843, 101 L.Ed.2d 881 (1988). Given the possibility that the Court will reverse *Diggs*, it seems to me prudent under the circumstances to reserve the option at the trial of also basing my ruling that the evidence is admissible on the alternative ground of the discretionary standard in Rule 609(a), should development of the record at trial so warrant.

An appropriate order follows.

### ORDER

AND NOW, this 14th day of February, 1989, upon consideration of plaintiff's motions *in limine* to preclude prior convictions and to preclude the finding of guilt for bank robbery, and defendants' responses thereto, and for the foregoing reasons, it is hereby ORDERED as follows:

1. The motion to preclude prior convictions is GRANTED.

2. The motion to preclude the finding of guilt for bank robbery is DENIED.