UNITED STATES of America,
Appellee,

v.

Jack W. JERNIGAN, Appellant.

No. 26360.

United States Court of Appeals
Fifth Circuit.

May 13, 1969.

Rehearing Denied July 7, 1969.

John L. Briggs, Madsen & Briggs, E. Coleman Madsen, Jacksonville, Fla., for appellant.

Edward F. Boardman, U. S. Atty., Samuel S. Forman, Asst. U. S. Atty., Gary B. Tullis, Asst. U. S. Atty., Jacksonville, Fla., for appellee.

Before TUTTLE and SIMPSON, Circuit Judges, and CASSIBRY, District Judge.

TUTTLE, Circuit Judge:

On this appeal from a conviction of appellant for violation of the statute against wilfully and knowingly making and subscribing a false corporate tax return (26 U.S.C.A. § 7206(1)), appellant makes three principal arguments here.

■ He first questions the admission by the trial court of corporate records, part of which were not positively identified by the recently appointed secretary-treasurer of the company. In view of the fact that the documents came from the corporation's files and in view of the statement by counsel before us that the authenticity of these documents could have been established by other appropriate witnesses, we conclude that no prejudicial error was committed.

■ The second point raises again the question whether an internal revenue agent who knows of an apparent tax deficiency must give a taxpayer, later indicted and tried, a Miranda-type warning in order to make the taxpayer's statement admissible in evidence against him. In common with many other circuits, we have held that no such warning is required. See Agoranos v. United States, 5 Cir., 409 F.2d 833, dec. April 2, 1969. See also Cohen v. United States of America, 8 Cir. (1968), 405 F.2d 34, cert. denied 394 U.S. 943, 89 S.Ct. 1274, 22 L.Ed.2d 478 (April 1, 1969).

■ Finally, appellant complains of the admission into evidence of proof of checks made payable to his corporation, but cashed by him in years other than those included in the indictment. The trial court charged the jury as follows with respect to these checks:

The Court has permitted evidence concerning transactions of the Defendant in years prior to, as well as subsequent to, the years covered by the Indictments—which evidence related to instances of understatement of income by the Defendant. This evidence was not admitted as proof of evasion in the tax years, but was admitted solely and exclusively for the purpose of showing a pattern of conduct on the part of the Defendant in earlier and subsequent years, and bears only upon the intent of the Defendant to violate the Statute for the years set forth in the Indictments, and for that limited purpose only. This evidence of prior and subsequent conduct is not conclusive as to the Defendant's intent in the years charged in the Indictment, but is merely a circumstance to be considered along with the other evidence in determining whether or not there was an intention on the part of the Defendant

to defraud the Government of the taxes alleged to be due.

Appellant criticizes this charge because he says there was no proof offered of any falsity or deficiency in income tax payments for the years in which these checks were issued. We think the charge is proper, because there was proof as to each of the checks of the making of the check and of the fact that, while the checks were made payable to the corporation for services rendered by it, they were endorsed personally by the appellant, and, in one instance cashed in the presence of the maker of the check by appellant personally. This is what was found to have occurred as to substantial items of corporation monies as to the years in issue. It showed a pattern of conduct whereby appellant personally used funds that the jury had the right to believe truly belonged to the corporation. In his statement to the revenue agent appellant stated that all of these items were used by him personally and were not put into the company's account. Proof of this repetitious conduct was admissible for the limited purpose of showing the intent of the appellant, where, otherwise it might be claimed that the acts in the tax years were either inadvertent or innocent. See Escobar v. United States, 5 Cir. (1967) 388 F.2d 661.

■■ Finally, it was not necessary for the Government to prove a deficiency in tax for the years in question. See Johnson v. United States, 1 Cir. (1963), 325 F.2d 709. The crime was complete when, as the jury found, appellant wilfully made and subscribed a return, under the penalties of perjury, which was false as to a material matter. Here, the omission of substantial amounts of corporate income, represented by checks belonging to this corporation, but withheld and cashed by the appellant, done with wilfull intent, fully satisfies the requirements of the statute.

The judgment is affirmed.