**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Grady WALLER, Defendant-Appellant.**

No. 71–3381.

United States Court of Appeals,
Fifth Circuit.

Oct. 27, 1972.

Rehearing Denied Nov. 27, 1972.

Robert L. Waters, Houston, Tex., Fred Erisman, Longview, Tex., Michael L. Cook, Austin, Tex., for defendant-appellant.

Roby Hadden, U. S. Atty., James W. Knowles, Asst. U. S. Atty., Tyler, Tex., for plaintiff-appellee.

Before GEWIN, THORNBERRY and CLARK, Circuit Judges.

PER CURIAM.

James Grady Waller was convicted of the white collar crime of wilfully signing and filing false income tax returns in violation of 26 U.S.C.A. § 7206(1).[1]

Waller now asserts that the trial court erred in allowing the government to prove both too much and too little. Waller at first contended that since wilful false filing would suffice to carry the government's burden, the admission of proof of the full details of his long-continued, unusual fiscal and accounting

---

1. Any person who—

    (1) *Declaration under penalties of perjury.*—Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and

which he does not believe to be true and correct as to every material matter;

\*    \*    \*    \*    \*

shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than 3 years, or both, together with the costs of prosecution.

practices was unduly prejudicial. In a supplemental brief with new counsel, Waller faults the government for failing to adduce evidence showing that he believed his returns were false. Additional trial errors are asserted relative to (1) the prosecutor's characterization of certain checks drawn on a nonexistent account as "hot checks", (2) an expert witness's statement of opinion that funds withdrawn from his controlled corporation amounted to a constructive dividend, (3) the admission of evidence of similar transactions in tax years not covered in the indictment, and (4) the cumulative impact of these errors. We affirm.

■ The proof disclosed that Waller made a continuous practice over the course of several years of depositing instruments having every indicia of regular checks in the local bank account of his funeral home business. However, these "checks" were drawn on a bank in which the drawer had no account. Under a regular practice, the drawee bank never handled these items in the regular course of business but, instead, held them in suspense until Waller redeemed such paper with cash or its equivalent. The proof further disclosed that funeral home employees were instructed to consistently omit certain funeral charges from bookkeeping records of the funeral home. Although some of this evidence related to dates and events outside the tax years covered by the indictment, all of it was admissible for the purpose which the court carefully instructed the jury to confine it to—proof of an intent to file a tax return which was known to be false. Counsel for Waller contends that this proof carried such slight probative weight for its intended purpose and such a high risk of unjustly casting Waller as a bad man in the jury's mind, that its allowance was an abuse of discretion. We do not agree. Waller's trial defense from its outset asserted that any omissions from his tax returns were due to inadvertence or careless business practices and sloppy accounting methods. The government could certainly meet this contention with the facts it showed. The portions of the proof touching events in other periods related to practices which were both current to the tax periods covered in the indictment and continuous. Such proof was probative and properly limited. We reject Waller's assertion that the government overproved its case.

■ Having concluded that all of this evidence was admissible for the purpose of proving that Waller filed the subject returns wilfully and knowingly, believing them to be false, we are next met with the inconsistent contention that the government failed to carry its burden of establishing this guilty belief. However, the jury was entitled to infer that Waller's long-continued course of conduct, which was so far different from ordinary business practice and so deceptive in its accounting result, was done to purposefully and intentionally avoid detection of income and to support false filings. Thus, we likewise reject the contention that the government failed to carry its burden of adducing sufficient evidence to support the jury's verdict.

■ The prosecutor's allusion to the "check" documents as "hot checks", if indeed inaccurate at all, was not so clearly improper as to constitute error. More apt descriptions of these items as "bogus" or "fictitious" checks might have increased the possibility of prejudice.

■ The government expert, Henry, summarized his accounting findings relative to distributions made to Waller from two controlled corporations and characterized these payments as constructive dividends. Although Waller's counsel at one point indicated that he had no objection to the characterization if the court covered the point in its instructions, he did later insist that Henry's testimony in this regard was prejudicial error. We disagree. The opinions did not invade the province of the jury. Waller was on trial for knowingly filing false tax returns. Whether the omitted

items of income were constructive dividends or other types of payments was immaterial.

■ Relying upon our decision in Baines v. United States, 426 F.2d 833 (5th Cir. 1970), Waller asserts that the proof of transactions in years other than those specifically covered by the indictment, was error which placed on him a duty to defend himself against charges for which he was not being tried. In *Baines* the court was careful to note:

> Because of the closeness of the case the Court feels compelled to hold, as we held in Marcus v. United States, 5 Cir. 1970, 422 F.2d 752, "that the cumulative effect of the District Court's errors, which are discussed in detail below, when taken together, require that this case be reversed and remanded to the District Court for a new trial, even though no single error, when viewed in isolation, would necessarily require this disposition. See Getchell v. United States, 5 Cir., 1960, 282 F.2d 681, 691." We limit our holding to the facts peculiar to this rare case involving the failure to pay federal cabaret excise taxes.

The case is distinguishable here. Although the proof in the case at bar might have suggested that returns for prior years were inaccurate, no contention was ever made that other false filings resulted. This case falls squarely under Jernigan v. United States, 411 F.2d 471 (5th Cir. 1969), which approved the procedure of proving repetitious practices extending into years other than those covered by the indictment to show intent and to negate innocent inadvertence.

We have reviewed the asserted errors individually and collectively, and neither singly nor cumulatively was the trial court incorrect in entering its judgment of conviction.

Affirmed.