**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Douglas WATTS, Defendant-Appellant.**

No. 74-3073

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 30, 1974.

Rehearing Denied Jan. 29, 1975.

---

* Rule 18, 5 Cir., *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Nicholas F. Maniscalco, Atlanta, Ga. (Court-appointed), for defendant-appellant.

John W. Stokes, U. S. Atty., James E. Baker, John Milton Turner, Asst. U. S. Attys., Atlanta, Ga., for plaintiff-appellee.

Before BELL, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

Appellant Douglas Watts was convicted after trial by jury of possession of an unregistered firearm, a sawed-off shotgun in violation of 26 U.S.C. § 5861(d). Appellant alleges as error the fact that he was tried in federal court after being acquitted in state court, thus raising a double jeopardy plea; that he was denied due process by not being allowed to present evidence of his state court acquittal; and that the court erred in not giving requested instructions. These contentions lack merit. We affirm the conviction.

Robert McGibbon testified that in the early morning hours of November 14, 1973, he was assaulted by Douglas Watts, who was brandishing a sawed-off shotgun, in a robbery attempt. McGibbon broke away from appellant and immediately reported the incident to J. C. Ward, an Atlanta policeman who was nearby. Ward located appellant and a companion, his uncle Gregory Thomas, a few blocks away. He asked them to get into his vehicle and while doing so he noticed Thomas bend down at the rear of the car "as if he was putting some-

thing under the car". Subsequent investigation revealed the sawed-off shotgun. It was established at trial that the firearm was not registered to appellant and that there had been a proper chain of custody.

Appellant testified in his own behalf that he had never possessed the shotgun, but merely found it in a yellow bag lying in the street. He alleged he left the gun where it was found and was stopped immediately thereafter by the police.

Prior to the federal trial, appellant had been acquitted in state court on charges of aggravated assault with intent to rob and carrying a concealed weapon. The federal charges are not the same as the state ones. Georgia laws prohibits possession of a sawed-off shotgun 15 inches in length or less. Georgia Code Annotated Secs. 26–9911a, 9913a. The shotgun here had an overall length of 16½ inches, thus no violation of the Georgia possession statute occurred. In any case, the prior Georgia prosecution and acquittal was not a bar to the subsequent federal prosecution. See Abbate v. United States, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959); Bartkus v. Illinois, 359 U.S. 121, 79 S. Ct. 676, 3 L.Ed.2d 684 (1959).

Appellant claims that he was denied a fair trial because he was not allowed to present evidence of his state court acquittal to the jury, though there were many references throughout the trial to the state trial. The jury was informed that there were no state charges pending, and that appellant was not in state custody. A district court has wide discretion in determining relevance and materiality, and its ruling should not be disturbed in the absence of an abuse of discretion. See United States v. Allison, 5 Cir., 1973, 474 F.2d 286, 289, and the cases there cited. Here there is no showing of an abuse of that discretion. The state charges differed substantially from those before the district court and reference to them might well have resulted in confusion of the trial jury.

Finally, appellant asserts that the court erred in not giving requested charges. Appellant asked the court to charge that he had not violated any laws of the State of Georgia, that he had not committed any crime against McGibbon or any of the other witnesses against him, and that he was acquitted of assault on McGibbon in state court. The charges requested were incomplete, erroneous, and prejudicial, and their refusal was not error. United States v. Diamond, 5 Cir., 1970, 430 F.2d 688; United States v. Deaton, 5 Cir., 1972, 468 F. 2d 541.

Affirmed.