UNITED STATES of America,
Plaintiff-Appellee,

v.

Leon A. COHEN, Defendant-Appellant.

No. 75–3966.

United States Court of Appeals,
Fifth Circuit.

Jan. 3, 1977.

Rehearing and Rehearing En Banc
Denied Jan. 31, 1977.

Taylor W. Jones, Atlanta, Ga., Ernest Morgan, San Marcos, Tex., for defendant-appellant.

John W. Stokes, U. S. Atty., Atlanta, Ga., Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Chief, App. Sec., Robert E. Lindsay, Daniel W. Schermer, Attys., Tax. Div., Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before AINSWORTH and RONEY, Circuit Judges, and ALLGOOD, District Judge.

RONEY, Circuit Judge:

Defendant Leon A. Cohen appeals his conviction for filing with the Internal Revenue Service a Department of the Treasury Form 656, entitled "Offer in Compromise," containing materially false statements, in violation of 26 U.S.C.A. § 7206(1). Defendant asserts four errors on this appeal: (1) that there was a fatal variance between the proof offered and the offense alleged in the indictment and that the evidence was insufficient to show that his statements as to his assets were false; (2) that a last minute substitution of indictments worked an unfair deprivation of his right to be informed of the charges against him; (3) that the district court abused its discretion in ruling that a thirteen-year-old mail fraud conviction would be admissible to impeach the defendant if he chose to testify; and (4) that a five-year-old letter received in evidence was irrelevant and should have been excluded. Finding these claims without merit, we affirm.

On February 13, 1970, Cohen, who was over $150,000 delinquent in federal income tax payments, completed an Offer in Compromise form for submission to the Internal Revenue Service. He signed that document under a declaration stating that "I have examined this offer, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete." With that docu-

ment he also filed a Statement of Financial Condition, which stated it was "as of" January 30, 1970. Neither document listed as assets three checks dated February 5, 1970 and payable to Cohen, in a total amount of $30,000. Defendant stated on the Offer in Compromise "I have no assets."

In September of 1974, a five-count indictment was returned against the defendant. The first four counts charged perjury in connection with false statements made on various income tax returns. The fifth count charged perjury in connection with the omission from the Offer in Compromise of various assets supposedly in defendant's possession. Approximately a week and a half before trial commenced, the Government, with the district court's permission, substituted a new count five, alleging solely the omission of the $30,000 in checks from the Offer in Compromise. Before the trial actually began, the Government then dismissed the four counts pertaining to false income tax returns. Defendant was tried and convicted solely for omitting the three checks worth $30,000 from the Offer in Compromise.

### Variance Between Indictment and Proof

The indictment on which Cohen was tried alleged that:

[O]n or about the 13th day of February, 1970 . . . Leon A. Cohen . . . did wilfully and knowingly make and subscribe a Department of the Treasury Form 656 entitled 'Offer in Compromise,' . . . together with an attached and accompanying Department of the Treasury Form 433, entitled 'Statement of Financial Condition and Other Information,' . . . [which] said 'Offer in Compromise' and attachments thereto stated that he had total assets having a cost of $12,502 and a fair market value of $1,619.50, whereas, as he then and there well knew, he had substantial assets in addition thereto, to wit: $30,000 consisting of three Federal Reserve Bank drafts . . . . . .

The defendant alleges that the only document which definitely sets forth his assets is the Statement of Financial Condition, which was "as of" January 30, 1970. The defendant's position is that the checks dated February 5, 1970, were properly excludable from that document, and that when he certified on February 13, 1970 that the accompanying statement of Financial Condition was "true, correct and complete," he was merely certifying that it reflected his financial position as of the 30th of January, which he maintains it did.

The uncontested facts show that on February 13, 1970, the date of the Offer in Compromise, the defendant was in possession of $30,000 in checks. Defendant did not disclose his possession of those checks on the Offer in Compromise form. This failure to indicate possession of those checks as of the date of the compromise offer was a material omission, making the form something other than "true, correct and complete." The Government proved precisely what was alleged when it demonstrated that on February 13, 1970, Cohen "then and there well knew" that he had $30,000 in Federal Reserve checks, which he failed to disclose. The omission of a material fact renders such a statement just as much not "true and correct" within the meaning of 26 U.S.C.A. § 7206(1), as the inclusion of a materially false fact. See United States v. Jernigan, 411 F.2d 471 (5th Cir.), cert. denied, 396 U.S. 927, 90 S.Ct. 262, 24 L.Ed.2d 225 (1969); Siravo v. United States, 377 F.2d 469 (1st Cir. 1967). Thus there is no force to the contention that there was a variance between facts proved and the crime alleged, and the evidence was sufficient to support the conviction.

### Substitution of Indictments

The defendant contends that he was misled as to the nature of the charges against him because of the last minute change in the wording of the indictment, and that therefore he should be afforded a new trial. The defendant particularly protests what he conceives to be the change in the operative date of the perjury count from January 30, 1970 to February 13, 1970.

■ Since the same offense was charged in both the original and substituted indictments, the question of permitting the dismissal of the original indictment and the related substitution was, in the first instance, for the trial court. *See* F.R.Crim.P. 48; *United States v. Perkins*, 383 F.Supp. 922, 931 (N.D.Ohio 1974). Since the various forms filed by the defendant were all part of one continuous course of dealing with the Internal Revenue Service, and since the original indictment made reference to the date of February 13, 1970, as well as January 30, 1970, the district court's determination that the substitution was not prejudicial was not in error. *United States v. Arradondo*, 483 F.2d 980, 983 (8th Cir. 1973), *cert. denied*, 415 U.S. 924, 94 S.Ct. 1428, 39 L.Ed.2d 480 (1974).

Furthermore, when the substitution was requested by the Government, the accompanying motion explicitly stated "[t]he new indictment also contains some clarifying language with respect to the date of the offense." The new indictment was read aloud in open court to the defendant. At the close of the Government's case, when the defendant claimed he learned of the true import of the change, he did not request a continuance or the opportunity to recall and reexamine any of the Government witnesses. There is no indication that there was any secret or surprise involved in the substitution. Given these factors, there was no prejudice to the defendant resulting from the change in indictments which would warrant a new trial.

### Admissibility of Prior Conviction

■ The trial of this case commenced six days after the new Federal Rules of Evidence became effective. Because there was no showing by either party that the "application of the rules would not be feasible, or would work injustice," the rules were applicable to the proceedings below. *See* Rules of Evidence, Pub.L.No. 93–595, § 1, 88 Stat. 1926 (1975). Rule 609 provides that a prior conviction cannot be admitted without special court determination of probative value, if more than ten years have elapsed since the date of conviction or release, whichever is the later date. The Rule provides:

(a) *General Rule.* For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime . . . (2) involved dishonesty or false statement, regardless of the punishment.

(b) *Time Limit.* Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. . . .

In the instant case, the Government notified the defendant that, should he choose to testify, it intended to use a previous conviction for the crime of mail fraud to impeach him during cross-examination. That conviction was the result of a guilty plea by the defendant in connection with the very same activities which gave rise to the tax liability which he was trying to settle through his Offer in Compromise. Defendant had been sentenced to three years imprisonment for the crime of mail fraud, and had served from April 10, 1961 until May 15, 1962. Since the trial commenced in July of 1975, the time elapsed from the date of release was just under 13 years, 2 months. Nonetheless, the trial court ruled that this conviction would be admissible to impeach the defendant if he testified, thus invoking the provisions of Rule 609(b).

■ Since the effective date of the Rules, this Court has not had occasion to consider the type of determination a district court must make under Rule 609(b) to admit into evidence a conviction over ten years old. On questions involving the impeachment of a witness, the determination of the district court is to be tested on review by the abuse

of discretion standard. *Goddard v. United States*, 131 F.2d 220 (5th Cir. 1942); *United States v. Allison*, 414 F.2d 407 (9th Cir.), *cert. denied*, 396 U.S. 968, 90 S.Ct. 449, 24 L.Ed.2d 433 (1969); S.Rep.No. 1277, 93d Cong., 2d Sess., Rule 609(b) (1974). Under Rule 609, discretion must be exercised by a specific standard. The Rule requires a finding on specific facts and circumstances that prejudicial effect will be outweighed by probative value.

In evaluating the admissibility of the conviction the district court noted the nature of the prior crime, the similarity between the offense for which he was presently being tried and the offense for which he previously entered a guilty plea, and that both the events to be testified to by the defendant and the acts which constituted the crime he was currently alleged to have committed occurred within ten years of his release from confinement for the earlier crime.

Although the trial judge did not explicitly so state, each of these factors goes to the probative value of the prior conviction as impeachment evidence. That the nature of the crime was one involving dishonesty indicates that defendant might be the type of person who would not take the judicial oath seriously. That the offenses were similar suggests that his denials of current misconduct might not be as trustworthy as they normally would be in the absence of previous misconduct of the same kind. Because defendant would be recounting events and acts relevant to the crime of perjury that transpired during a period within ten years after his release from confinement for mail fraud, the jury might believe that his version of those events was colored by his still recent dishonest conduct and was thus less than truthful.

In *United States v. San Martin*, 505 F.2d 918, 923 (5th Cir. 1974), this Court observed that "prior crimes involving deliberate and carefully premeditated intent—such as fraud and forgery—are far more likely to have probative value with respect to later acts than prior crimes involving a quickly and spontaneously formed intent." Simi-

larly such crimes are more probative on the issue of propensity to lie under oath than more violent crimes which do not involve dishonesty. *See* Ladd, *Credibility Trends*, 89 U.Pa.L.Rev. 166 (1940). Since mail fraud is within this category of offenses, its probative value is enhanced.

Of course, the assumption that a prior conviction demonstrates a propensity on the part of the defendant to have acted on the present occasion in conformity with the criminal character suggested by the previous conviction is impermissible. *See* Fed.R. Evid. 404(b). This is because our system of criminal justice focuses solely on the commission of specific forbidden acts, rather than the punishment of those persons who have a criminal or evil character. Unfortunately the trial court seemed to engage, at least partially, in this improper assumption, while otherwise properly focusing on the likelihood that the previous conviction indicated a probable lack of veracity. Nonetheless, in reviewing the factors relied on by the district court, it is apparent that they all were relevant to the impeachment inquiry. Having isolated these factors, the district judge then found on the record that they formed "a basis for an exception and that justice would not be counterbalanced against the defendant."

The provisions of Rule 609 require that the court find that probative value "substantially outweigh" prejudicial effect. Since the court had the Rule before it when it made the determination that the prior criminal activity of the defendant was admissible, the finding of the district court can be interpreted as concluding that the usefulness of this past criminal conviction substantially outweighed the possible prejudice to defendant. That the court neither analyzed on the record the nature of possible prejudice to defendant nor used the explicit words of the Rule in terms of "substantially outweighing" is not crucial. Sufficient evidence in the record indicates that the trial judge made a thorough and thoughtful analysis of the issue and based his conclusion upon various factors which were then before him. While Rule 609(b)

may envision a more explicit proceeding with full findings setting forth the quality and nature of any possible prejudice to the defendant, we are satisfied that the district court acted within the confines of the Rule and did not abuse its discretion in admitting the prior conviction.

*Admissibility of a Five-Year-Old Letter*

Defendant's final contention concerns the admissibility of a five-year-old letter which the Government offered in evidence to prove defendant's willfulness. Because of the age of the letter the defendant claimed it was irrelevant and inadmissible. The determination of relevancy is for the trial judge, and will not be disturbed in the absence of a clear showing of abuse of discretion. *United States v. 110 Bars of Silver*, 508 F.2d 799 (5th Cir. 1975); *United States v. Watts*, 505 F.2d 951 (5th Cir. 1974), *vacated on other grounds*, 422 U.S. 1032, 95 S.Ct. 2648, 45 L.Ed.2d 688 (1975). Since there was ample indication that the letter did in fact bear on defendant's state of mind, vis-a-vis the matter of discharging his past tax liability, the district court did not err in determining that the letter was relevant and admissible in evidence.

AFFIRMED.