No. 84–5814. DIGGS *v.* LYONS ET AL. C. A. 3d Cir. Certiorari denied.

JUSTICE WHITE, with whom JUSTICE BRENNAN and JUSTICE MARSHALL join, dissenting.

Petitioner sued respondent prison officials in Federal District Court under 42 U. S. C. § 1983, alleging the use of excessive force in preventing his escape from Holmesburg County Prison in Philadelphia and the denial of access to legal assistance. Respondents prevailed on both claims. At trial, the District Court permitted respondents' counsel to prove that petitioner had been convicted of murder, bank robbery, attempted prison escape, and criminal conspiracy within the 10 years preceding the date of trial. In so doing the trial judge relied on Rule 609(a) of the Federal Rules of Evidence, which provides that evidence of such felony convictions "shall be admitted" to attack the credibility "of a witness," if "the probative value of admitting this evidence outweighs its prejudicial effect to the defendant."[1] The trial judge interpreted the Rule to require the evidence to be admitted since the Rule's provision for assessing the prejudicial import of the evidence applied only in regard to the *defendant*, not to a plaintiff witness against whom such evidence was sought to be introduced. Moreover, under the trial judge's view, Rule 609(a) precluded any resort to the balancing test of Rule 403 of the Federal Rules of Evidence, which permits the exclusion of relevant evidence if its probative value is "substantially outweighed by the danger of unfair prejudice."[2]

---

[1] Rule 609(a) provides:

"(a) General rule.—For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment."

Rule 609(b) limits application of the Rule to convictions that are less than 10 years old.

[2] Rule 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

A divided panel of the Court of Appeals for the Third Circuit affirmed on appeal. 741 F. 2d 577 (1984). The Court of Appeals found the District Court's interpretation of Rule 609(a) to be strongly supported by the Rule's legislative history. Although acknowledging that congressional attention in enacting the Rule had been focused largely on criminal cases and on the defendants in those cases, the Court of Appeals concluded that its broad language was nevertheless applicable to a civil case such as the one before it. And, like the District Court, the Court of Appeals held that Rule 403 had no application where, as here, a more specific rule of admissibility applied. Admission of prior convictions to impeach a plaintiff witness in a civil case was therefore mandatory. The Court of Appeals recognized that this reading of the Rule "may in some cases produce unjust and even bizarre results," but suggested that the remedy lay with "those who have the authority to amend the rules, the Supreme Court and the Congress." *Id.*, at 582.[3]

As the Court of Appeals recognized, its reading of Rule 609(a) directly conflicts with the interpretation of two other Circuits. Both the Eighth Circuit and the Fifth Circuit have ruled that, assuming the applicability of Rule 609(a) to civil cases, it does not relieve courts of the duty to assess the prejudicial effect of evidence of prior convictions against a plaintiff witness under Rule 403. See *Czajka* v. *Hickman*, 703 F. 2d 317 (CA8 1983); *Shows* v. *M/V Red Eagle*, 695 F. 2d 114 (CA5 1983). This disagreement concerning the Rule's meaning now affects litigants in three large Circuits, and the issue will undoubtedly arise elsewhere before long. See *Furtado* v. *Bishop*, 604 F. 2d 80 (CA1 1979), cert. denied, 444 U. S. 1035 (1980) (finding it unnecessary to resolve the

---

[3] The District Court stated that it would have admitted the evidence of the prior convictions even if it had been given the discretion to exclude it under a balancing test. The Court of Appeals evidently viewed this statement as dictum. After squarely affirming the District Court's holding that "Rule 609(a) compelled the admission of evidence of [petitioner's] prior convictions and that Rule 403 did not give discretionary authority to exclude them as prejudicial to the witness," the Court of Appeals noted that it therefore had "no need to consider the trial judge's suggestion that he would have admitted them in any event in the exercise of his discretion if he had been given such discretion." 741 F. 2d, at 581–582. In any event, that the District Judge would have reached the same result under a different test is no reason for this Court to decline to review this case. The Court of Appeals' interpretation of Rule 609(a) as precluding application of the Rule 403 balancing test is now the law in the Third Circuit, and future cases in that Circuit will be governed by it.

question). Given this square conflict regarding a fundamental evidentiary rule, and in light of the concededly "bizarre" results that may follow from the ruling below, I would grant certiorari to decide whether Rule 609(a) mandates the admission of evidence of prior convictions against a plaintiff witness in a civil case.