**William TRINDLE**

v.

**SONAT MARINE INC., Interstate Transport Company and Interstate Tugboat Company.**

Civ. A. No. 85–7085.

United States District Court, E.D. Pennsylvania.

Oct. 7, 1988.

Steven Thaler, New York City, for plaintiff.

Richard W. Hollstein, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for defendants.

### MEMORANDUM

LOWELL A. REED, Jr., District Judge.

This is a suit brought pursuant to the Jones Act, 46 U.S.C.App. § 688 (1982 & Supp. IV 1986). Plaintiff, William Trindle, seeks to recover damages for injuries he allegedly sustained in September 1984 during the course of his employment when he was instructed to loosen a cap on the fuel

tank of the M/Tug Crusader, owned and managed by his employer Sonat Marine. While attempting to loosen and remove the cap which was allegedly rusted shut, plaintiff asserts he sustained personal injuries from which he now seeks relief.

Defendants, in an attempt to attack plaintiff's credibility at trial, sought to introduce evidence of his April 24, 1974 conviction for converting $400.00 in bus tickets for his own use while employed as a driver for Greyhound Buses. Plaintiff pleaded guilty to that charge, paid a fine of $200.00, made full restitution of the $400.00, was placed on probation for three years, and was released in May 1976.

■ Defendants filed a motion *in limine* to admit evidence of plaintiff's prior criminal conviction and the plaintiff responded by filing a cross motion to exclude introduction of such evidence at trial. In an order issued August 8, 1988, I denied both the defendants' motion to admit the evidence as well as the plaintiff's motion to exclude such evidence at trial. In reaching that decision, I determined that the ten year time period of Rule 609 should conclude at the time the plaintiff testifies at trial.[1] Because I could find no definitive legal authority which directly confronts this issue, and because determining when to conclude the ten year period has become even more emergent in this circuit since the court of appeals held that a district judge has no discretion under Rule 609(a) to exclude prior felony convictions less than ten years old when offered to impeach a civil litigant, *Diggs v. Lyons*, 741 F.2d 577 (3d Cir.1984), *cert. denied*, 471 U.S. 1078, 105 S.Ct. 2157, 85 L.Ed.2d 513 (1985), I now address this important issue and hold that the proper moment to conclude the ten year time period of Rule 609 is at the time a witness testifies at trial or the date when a public record of that witness' prior conviction is offered into evidence at trial.

The predicate inquiry in an analysis of the admissibility of plaintiff's prior criminal conviction for impeachment purposes is a determination of how much time has elapsed since his prior conviction. If plaintiff's conviction is less than ten years old, Rule 609(a) is the operative rule.[2] If, however, plaintiff's criminal conviction is more than ten years old, the case is governed by Federal Rule of Evidence 609(b).[3] Because the timeliness of plaintiff's prior conviction is critical, determining the precise boundaries of the ten year time period of Rule 609 is of paramount importance. Despite the significance of this issue and although much case law has explored the point at which the ten-year period is to *begin*, there appears to be little uniformity and no defin-

1. Having found that ten years had already elapsed since plaintiff's conviction, and therefore that the case was controlled by Federal Rule of Evidence 609(b), I had ample discretion to deny the defendants' motion. It is clear, however, that had I determined that the prior conviction fell within the parameters of the ten year period of Rule 609(a), I would have been bound to admit the evidence under this circuit's ruling in *Diggs v. Lyons*, 741 F.2d 577 (3d Cir. 1984), *cert. denied*, 471 U.S. 1078, 105 S.Ct. 2157, 85 L.Ed.2d 513 (1985). *See also Green v. Shearson Lehman/American Express, Inc.*, 625 F.Supp. 382, 383–84 (E.D.Pa.1985). I make no determination at this time as to the merits of the contentions of the parties and do not now reach the question of whether the probative value of the prior conviction will ultimately outweigh any prejudicial effect it may have to the plaintiff, thus preserving this issue for trial.

2. Federal Rule of Evidence 609(a) provides, in pertinent part:

For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of punishment.

3. Federal Rule of Evidence 609(b) provides, in pertinent part:

Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect....

itive case law which squarely addresses the appropriate time for a court to *conclude* the ten year time period.

The clarity with which Rule 609, its legislative history, and the case law detail the precise point at which the ten year period is to begin, stands in sharp contrast to the confusion over when a court is to determine the conclusion of the ten year period. While it is clear from the Rule itself that the commencement of the ten year period is measured from "the date of the conviction or of the release of the witness from confinement imposed for that conviction, whichever is the later date ...," Fed.R.Evid. 609(b),[4] much "uncertainty has been expressed as to whether the applicable period should be measured up to the date when the trial commences, or the witness testifies, or the date of the charged crime." 3 J. Weinstein, Weinstein's Evidence ¶ 609[07], at 112 (1987).

Although it appears that no court has directly decided this issue, many courts, through dicta and other implicit language, have indicated that the ten year period should conclude either at the time the witness testifies or at the time the trial begins. The Fifth Circuit,[5] for example, in *United States v. Cohen*, 544 F.2d 781, 784

(5th Cir.), *cert. denied*, 431 U.S. 914, 97 S.Ct. 2175, 53 L.Ed.2d 224 (1977), computed the ten year time period from the date the defendant was released from confinement to the commencement of the trial.[6] Two years later, when faced with the opportunity to retreat from that position, the Fifth Circuit expressly refused to do so:

> We see no reason to depart from [the approach articulated in *Cohen* ] except to add a caveat that since the concern is the defendant's credibility when he testifies[,] *the correct point from which to measure backwards in time may be the date when he testifies rather than the date when the trial commences*, which in a protracted trial might be considerably earlier.

*United States v. Cathey*, 591 F.2d 268, 274 n. 13 (5th Cir.1979) (emphasis added).

Most courts, when discussing the time period of a witness' prior conviction, use language which strongly implies that the time is to be measured either to the commencement of trial or to the time the witness, here the plaintiff, testifies at trial. *See, e.g., United States v. Thompson*, 806 F.2d 1332, 1339 (7th Cir.1986) (defendant's "last day in confinement ... was on February 22, 1976. The trial in *the present case*

---

**4.** Although the plaintiff entered a guilty plea and did not actually stand trial, it is well established that "[a] guilty plea which results in a conviction is fully equivalent for impeachment purposes to a determination of guilt following trial." 3 J. Weinstein, Weinstein's Evidence ¶ 609, at 104–05 (1987). As a result, plaintiff's guilty plea clearly constitutes a "conviction" under Rule 609, and therefore, if it is determined that his conviction is less than ten years old, it may be admitted for purposes of impeachment.

Additionally, "release from confinement" has been interpreted to include any probationary period, and therefore, the ten-year time period does not begin to run until the conclusion of that probation:

> The immediate past 10 years must be conviction-free for any prior conviction to be considered remote. Our amendment also makes clear that the 10 year remoteness period which makes a prior conviction inadmissible will begin to run from the date of expiration of probation or parole not from the date of conviction or release from confinement. It is 10 years of *unsupervised* good behavior which the Congress intended to encourage and reward.

10 J. Moore & H. Bendix, Moore's Federal Practice § 609.01[1.–8], at VI–113–14 (2d ed. 1988) (quoting Deputy Attorney General Kliendienst's Letter of December 22, 1971 to Chief Justice Burger on Rule 609) (emphasis in original). As a result, in the case at bar, the ten year time period is measured from the date of Mr. Trindle's release from parole: May, 1976.

**5.** On October 1, 1981, the United States Court of Appeals for the Fifth Circuit was divided into two circuits, the Eleventh and the "new Fifth" pursuant to the Fifth Circuit Court of Appeals Reorganization Act of 1980. Although the districts where the cases cited above originated are now part of the Eleventh Circuit, that circuit adopted as binding precedent all Fifth Circuit decisions rendered prior to the creation of the Eleventh Circuit in 1981. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

**6.** "Since the trial commenced in July of 1975, the time elapsed from the date of release was just under 13 years, 2 months." *Cohen*, 544 F.2d at 784.

*began* on September 30, 1985, *within the ten-year limitation for the admission of evidence ...*") (emphasis added); *United States v. Hans,* 738 F.2d 88, 93 (3d Cir. 1984) (evidence admissible "only if either the conviction or the witness' release from prison occurred *within 10 years of the trial.*") (emphasis added); *United States v. Rubio–Gonzalez,* 674 F.2d 1067, 1075 (5th Cir.1982) (prior acts occurred "more than ten years prior to trial and was hence outside the time limit" [of] 609(b)); *United States v. Portillo,* 633 F.2d 1313, 1323 n. 6 (9th Cir.1980) (conviction more than ten years old *"at the time of trial."*) (emphasis added), *cert. denied,* 450 U.S. 1043, 101 S.Ct. 1763, 68 L.Ed.2d 241 (1981); *United States v. Cobb,* 588 F.2d 607, 613 n. 5 (8th Cir.1978) (time period measured "to the date of his trial"), *cert. denied,* 440 U.S. 947, 99 S.Ct. 1426, 59 L.Ed.2d 636 (1979); *Mills v. Estelle,* 552 F.2d 119, 120 (5th Cir.) (rule 609 generally prohibits use of prior conviction if witness was released from confinement "more than ten years *before the witness testifies in the current trial*") (emphasis added), *cert. denied,* 434 U.S. 871, 98 S.Ct. 214, 54 L.Ed.2d 149 (1977).

The legislative history of Rule 609, while not expressly addressing this issue, clearly reveals Congress' intent that convictions greater than ten years old be admitted sparingly and with great caution:

> It is intended that convictions over 10 years old will be admitted very rarely and only in exceptional circumstances. The rules provide that the decision be supported by specific facts and circumstances thus requiring the court to make specific findings on the record as to the particular facts and circumstances it has considered in determining that the probative value of the conviction substantially outweighs its prejudicial impact. It is expected that, in fairness, the court will give the party against whom the conviction is introduced a full and adequate opportunity to contest its admission.

S.Rep. No. 1277, 93d Cong., 2d Sess. 4, *reprinted in* 1974 U.S. Code Cong. & Admin. News 7051, 7062. In fact, prior convictions greater than ten years old are generally considered to be so prejudicial that,

at the time the Federal Rules of Evidence were promulgated, there was much debate as to whether convictions greater than ten years old should always be inadmissible for impeachment purposes. The House Report, for example, suggested barring the use of *all* convictions more than ten years old, believing that old convictions have little or no probative value. *See* H.R.Rep. No. 650, 93d Cong, 2d Sess., *reprinted in* 1974 U.S. Code Cong. & Admin. News 7075, 7085. Although the House version of Rule 609 was ultimately not adopted, it is nevertheless clear that "[t]he implicit judgment of the Federal Rules is that evidence of convictions over a decade old is generally more prejudicial to the side which calls the witness than it is helpful to the jury in evaluating the witness' credibility." *Mills v. Estelle,* 552 F.2d 119, 120 (5th Cir.), *cert. denied,* 434 U.S. 871, 98 S.Ct. 214, 54 L.Ed. 2d 149 (1977).

The drafters of Rule 609 appeared to be primarily concerned with guarding against any prejudicial impact these convictions might evince. I believe the most logical point to measure such prejudicial impact, and the point at which any potential prejudice becomes most acute is the moment the fact that the witness has previously been convicted is conveyed to the jury. At any point prior to the actual testimony, the prejudice of such a conviction is obviously lacking since the factfinder has not yet heard the prejudicial information. Because it is the jury which must evaluate the witness' credibility, the most appropriate time to conclude the ten year period is the date the jury actually hears the witness testify that he had been convicted of a crime. Judge Weinstein, in his treatise on the law of evidence, strongly supports adoption of such a time period, observing that "[t]he time of testimony is most appropriate since the jury must determine credibility *at that moment.*" 3 J. Weinstein, Weinstein's Evidence ¶ 609, at 112 (1987) (emphasis added).

Finally, Rule 609 itself uses explicative language. As written, the Rule provides parameters for the "admissibility" of certain evidence. The word "admissible," as it is commonly used, refers to the receipt of

evidence during the course of a trial. Because Congress took no pains to redefine or clarify its use of the word "admissible," I see no reason to deviate from that term's common usage. The plain language of Rule 609, the case law, and the legislative history all lend support for the adoption of a time period measured up to the date a witness testifies at trial or the date when a public record of that conviction is offered into evidence.

Defendants in the case at bar contend that the time period should be measured up to the moment the present lawsuit was filed because that is the point at which the plaintiff "committed himself to the lie" that the alleged accident in fact took place. However, I am not persuaded by their position and I do not believe that the legislative history of the Rule supports such a view. On the contrary, rather than demonstrating a concern for unscrupulous ex-convicts filing frivolous civil lawsuits based on false testimony, the legislative history of the Rule reveals that the paramount concern of Congress was the age of the prior conviction at the time it is disseminated to the *jury*. Had Congress genuinely been troubled by the kind of scenario envisioned by the defendants, it could have specifically provided for such a situation. It did not.