**BIZMARK, INC., d/b/a Wells Waters & Gases, Plaintiff,**

v.

**The KROGER COMPANY, Defendant.**

**Civil No. 96–0219–B.**

United States District Court, W.D. Virginia, Big Stone Gap Division.

Feb. 13, 1998.

Gregory Michael Stewart, Stewart Law Office, P.C., Norton, VA, for Plaintiff.

John Leslie Brownlee, Woods, Rogers & Hazlegrove, P.L.C., First Union Tower, Roanoke, VA, William B. Poff, Woods, Rogers & Hazlegrove, P.L.C., Roanoke, VA, for Defendant.

## OPINION AND ORDER

JONES, District Judge.

In this contract dispute case, Bizmark, Inc. ("Bizmark") has filed a motion in limine to exclude impeachment evidence of prior felony convictions of Roger Wells ("Wells"), president of Bizmark, at an upcoming trial. Bizmark contends that evidence of Wells' convictions is inadmissible under Fed.R.Evid. 609(b). Finding that more than ten years has elapsed since Wells' release from confinement, as measured from the date on which he was placed on probation, and finding that no specific facts or circumstances support a holding that the probative value of the convictions substantially outweighs their prejudicial effect, I grant Bizmark's motion.

### I. Facts.

From October 1994, to May 1995, Bizmark provided Kroger with helium gas and containers. On September 24, 1996, Bizmark filed suit against Kroger, seeking to recover payments and fees Bizmark alleges are due under its contract with Kroger. As president of Bizmark, Wells will testify as one of Bizmark's primary witnesses. Kroger seeks to introduce proof of Wells' prior felony con-

victions under Fed.R.Evid. 609(a)(1), in order to impeach his credibility.

Wells was convicted in a state court on October 8, 1987, of feloniously counseling, hiring, procuring, and commanding another person to steal property having a value of greater than $200, and of conspiring to commit a felony. Immediately thereafter, the court sentenced Wells to serve two consecutive prison terms of twelve months, then suspended both sentences and placed Wells on supervised probation for two years to be followed by two years of unsupervised probation.

### II. Analysis.

Rule 609(a) permits the introduction of evidence that a witness has been convicted of a crime in order to impeach the credibility of the witness. However, introduction of such evidence is not without restriction:

Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

Fed.R.Evid. 609(b). Bizmark contends that the ten-year period began to run when Wells was released from confinement by being placed on probation. Accordingly, Bizmark asserts that Wells' dates of conviction and release from confinement are the same and that measured from October 8, 1987, the ten-year period elapsed on October 8, 1997.[1] Kroger argues that Wells' placement on probation does not constitute release from confinement under rule 609(b) and instead asserts that the ten-year period did not commence until October 8, 1991, when his period of probation expired.

■ The question of whether release on probation constitutes release from confine-

**1.** The ten-year period had not elapsed prior to the time that Bizmark filed suit against Kroger on September 24, 1996. However, while the parties disagree as to when the 609(b) time period begins, it is clear that the elapsed time is measured to the point at which the witness actually testifies. *United States v. Cathey,* 591 F.2d 268, 274 n. 13 (5th Cir.1979).

ment under rule 609(b) has not been directly addressed by the Fourth Circuit. However, in *United States v. Gray*, 852 F.2d 136, 139 (4th Cir.1988), the Fourth Circuit held that the 609(b) time limit began to run when the defendant was released on parole. The clear import of *Gray* is that "release from confinement," for 609(b) purposes means release from actual imprisonment, and therefore, that neither parole nor probation constitutes confinement under the rule. A number of other courts have reached this conclusion. *See United States v. Broncho*, No. 94–30420, 1995 WL 470868, *2 (9th Cir. Aug.9, 1995) (unpublished); *United States v. Daniel*, 957 F.2d 162 (5th Cir.1992); *THK America, Inc. v. NSK, Ltd.*, 917 F.Supp. 563, 569 (N.D.Ill. 1996).

The only authority to the contrary cited by Kroger is *Trindle v. Sonat Marine, Inc.*, 697 F.Supp. 879 (E.D.Pa.1988). The *Trindle* decision relied exclusively on a 1971 letter from Deputy Attorney General Kleindienst to Chief Justice Burger regarding amendments to rule 609 which would have retained earlier 609(b) language which started the ten-year period running from the date of the expiration of a witness's probation or parole. 697 F.Supp. at 881 n. 4. However, as the Fifth Circuit noted in *Daniel*, the 1972 amendments to rule 609(b) as actually adopted deleted the provision Kleindienst sought to retain and simply provided that a conviction was not admissible if more than ten years had elapsed since a witness's release from "confinement." 957 F.2d at 168. Accordingly, I find that the ten-year time period began to run at the time that Wells was released on probation.

■ Nevertheless, this does not end the inquiry as to the admissibility of Wells' convictions. Rule 609 makes an exception to the prohibition against using convictions more than ten years old where "the probative value of the conviction supported by specific facts and circumstances *substantially* outweighs its prejudicial effect." Fed.R.Evid. 609(b) (emphasis added). However, depar-

ture from the prohibition is permitted "very rarely and only in exceptional circumstances." *United States v. Beahm*, 664 F.2d 414, 417 (4th Cir.1981).

■ I find nothing to suggest that the probative value of the convictions would outweigh their prejudicial effect. Wells was convicted of conspiracy and of counseling, hiring, procuring and commanding another person to steal, which offenses do not necessarily carry any element of deceit, falsification or untruthfulness.[2] The purpose of impeachment is not to demonstrate that Wells is a "bad" person, "but rather to show background facts which bear directly on whether jurors ought to believe him." *United States v. Cavender*, 578 F.2d 528, 534 (4th Cir.1978). On the present record, there is nothing which supports a finding that Wells' remote prior offenses would have more than minimal, if any, bearing on the likelihood that he would testify truthfully.

Recognizing that rule 609 requires a finding that the probative value of the conviction *substantially* outweigh its prejudicial effect, *Cavender*, 578 F.2d at 531, and concluding that I am unable to make such a finding, I grant Bizmark's motion.

### III. Conclusion.

For the reasons set forth above, it is **ORDERED** that Bizmark's motion in limine (Doc. No. 23) is granted.

---

**2.** *See* Graham C. Lilly, *An Introduction to the Law of Evidence* § 8.3 (3d ed.1996). The better view is that it is impermissible to go beyond the face of the conviction in order to determine whether the crime was committed in a deceitful manner. *See* 2 Stephen A. Saltzburg et al., *Federal Rules of Evidence Manual* 1029–32 (7th ed.1998).