Johnny WILSON and Shirley Wilson, Husband and Wife, Plaintiffs Below, Appellants,

v.

Theresa J. SICO, as personal representative of the Estate of Louis Sico, Defendant Below, Appellee.

No. 37, 1998.

Supreme Court of Delaware.

Submitted: June 16, 1998.

Decided: July 6, 1998.

John C. Andrade, and P. Scott Wilson, Parkowski, Noble & Guerke, P.A., Dover, for Appellants.

Jeffrey A. Young, Young and Young, Dover, for Appellee.

Before WALSH, HARTNETT, and BERGER, JJ.

PER CURIAM:

In this appeal from the Superior Court, following an adverse jury verdict in a personal injury action, the Appellants contend that the Superior Court erred by permitting impeachment through the use of a 1972 felony conviction. We conclude that the Superior Court misinterpreted the provisions of D.R.E. 609(b) and that the Appellants were thereby prejudiced. Accordingly, we reverse and remand for a new trial.

I.

This action arises from an automobile accident in which Appellee/Defendant-below, Louis Sico ("Sico"), rear-ended a vehicle operated by Appellant/Plaintiff-below, Johnny Wilson ("Wilson"), who was subsequently treated for injuries to his back. At trial, Sico did not contest liability but questioned both the extent of the injuries and the amount of wages lost by Wilson as a result of those injuries. Wilson had been convicted of second degree murder in 1972 and served ten years incarceration. Since 1982, Wilson had

been on unsupervised parole. His parole, apparently, has been without violation or other incidents. ·

Through a motion *in limine*, Wilson's counsel sought to restrict Sico's counsel from inquiring into the 1972 conviction in cross-examination of Wilson ·and of a witness who would testify concerning Wilson's future employability. Sico's counsel argued that both Wilson's parole status and the 1972 conviction were relevant to the lost wages issue and, once admitted for that purpose, could be used generally to impeach Wilson's credibility. The Superior Court denied Wilson's motion *in limine*, finding that the conviction impacted Wilson's post-accident employability. The Superior Court reached that conclusion on the rationale that, as a matter of law, Wilson remained in custody because, while on unsupervised parole, he could be charged with escape under 11 *Del. C.* § 4347. Therefore, the Superior· Court held that D.R.E. 609(b) did not bar admission. The jury returned a verdict for Sico, without reaching the issue of damages.

## II.

■ The claim on appeal involves statutory interpretation by the Superior Court and, thus, is reviewed *de novo* to determine if the Superior Court erred as a matter of law in formulating or applying legal precepts. *Grand Ventures, Inc. v. Whaley*, Del.Supr., 632 A.2d 63, 66 (1993).

■ With regard to the time limit of D.R.E. 609(b), the Superior Court interpreted "confinement" by referring to 11 *Del. C.* § 4347(g), which provides that everyone on parole shall remain in the legal custody of the Department of Corrections. Thus, the Superior Court found, as a matter of law, that, because Wilson remained on unsupervised parole at the time of trial, he was in the legal custody of the Department of Corrections and, thus, ruled that he had not been released from confinement for more than ten years. We conclude that the Superior Court erred in making this determination. ·

The application of D.R.E. 609(b) is not limited to criminal cases only. *Contra* Fed. R.Evid. 609(b); *Green v. Bock Laundry Machine Co.*, 490 U.S. 504, 109 S.Ct. 1981, 104 L.Ed.2d 557 (1989). D.R.E. 609(b) provides, in pertinent part:

*Time limit.* Evidence of a conviction under this rule is not admissible if a period of more than 10 years from the confinement imposed for that conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

Initially, the plain language of the rule does not support the Superior Court's interpretation. Whereas Black's Law Dictionary defines confinement as the "state of being confined; shut in; imprisoned; detained in a penal institution," parole is defined as the "release from jail, prison or other confinement after actually serving part of a sentence."

The Superior Court's ruling is also inconsistent with the history of the rule. An early draft of D.R.E. 609(b) provided that evidence of a prior conviction is inadmissible if more than 10 years have elapsed since "the date of release of the witness from confinement, *or the expiration of the period of his parole, probation, or sentence,* whichever is the later date." Rule 609(b), Preliminary Draft, 1969 (emphasis supplied), *available in* Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 6131, n. 51 (1998). This rule was amended in 1972, however, and now states that a conviction is not admissible if more than ten years have elapsed since "release from confinement." *United States v. Daniel*, 5th Cir., 957 F.2d 162, 168 (1992).

■ The General Assembly's adoption of the amended version of Rule 609(b) forecloses the interpretation of the Superior Court. *See id; THK Amer., Inc. v. NSK, Ltd.*, N.D.Ill., 917 F.Supp. 563, 569 (1996). *See also United States v. Lorenzo*, 9th Cir., 43 F.3d 1303, 1307 (1995); *United States v. Lopez*, 5th Cir., 979 F.2d 1024 (1992), *cert. denied*, 508 U.S. 913, 113 S.Ct. 2349, 124 L.Ed.2d 258 (1993) (holding that, where a witness had been convicted seventeen years earlier, but had been given probation and

had not been confined, the date of the conviction controlled). *Cf.* D.C.Code § 14–305 (containing language similar to that of the Preliminary Draft). Accordingly, we find that the Superior Court erred. In view of the jury's finding of no liability in the face of Sico's tacit concession of fault, we cannot view this error as harmless.

Having determined that the judgment should be reversed and a new trial directed, the remaining issues on appeal, (i) that the Superior Court abused its discretion by determining that the probative value of Wilson's conviction outweighs its prejudicial effect, and (ii) that the Superior Court erred by imposing costs on the Wilsons, are deemed moot. For the guidance of the Superior Court on re-trial, we note, however, that because more than ten years have elapsed, evidence of the conviction may be admitted only if its probative value *substantially* outweighs any prejudicial effect. Further, should the Superior Court, on remand, determine that the conviction is admissible, its only relevance is to Wilson's claim for damages and not to his credibility generally, and, therefore, its application should be limited in accordance with D.R.E. 105. The jury should be so instructed.

On the basis of the foregoing, we REVERSE the judgment of the Superior Court, and the matter is REMANDED for a new trial.