Tony ARROYO, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–98–00920–CR.

Court of Appeals of Texas,
San Antonio.

Oct. 15, 2003.

Rehearing Overruled Nov. 3, 2003.

Stephanie L. Stevens, Robert Porter, Jaime I. Aldape, San Antonio, for Appellant.

Enrico B. Valdez, Asst. Criminal Dist. Atty., San Antonio, for Appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by ALMA L. LÓPEZ, Chief Justice.

This appeal is on its second remand from the Texas Court of Criminal Appeals. Tony Arroyo ("Arroyo") is appealing his assault conviction. In our opinion after the first remand, we held that the trial court did not err in excluding evidence of the complainant's prior convictions because Arroyo failed to offer any evidence to identify the complainant as the person convicted in the judgments he sought to introduce. *Arroyo v. State*, 64 S.W.3d 81, 85 (Tex.App.-San Antonio 2001), *rev'd*, 117 S.W.3d 795, No. 1670-01, 2003 WL 1240143 (Tex.Crim.App. Mar.19, 2003). The Court of Criminal Appeals vacated our judgment, holding that the State was estopped from claiming that the exhibits

were inadmissible on the grounds of identity and remanded the cause to our court to "consider whether the trial court's ruling excluding the defense exhibits was correct, either in whole or in part, under any other theory of law applicable to the case." *Arroyo*, 2003 WL 1240143, at *3, at ——. The parties were given the opportunity to file new briefs on remand. We affirm the trial court's judgment.

■ A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard. *Torres v. State*, 71 S.W.3d 758, 760 (Tex.Crim.App. 2002). An appellate court will not reverse a trial court's ruling unless that ruling falls outside the zone of reasonable disagreement. *Id.* If the trial judge's decision is correct on any theory of law applicable to the case, it will be sustained even when the trial judge gives the wrong reason for his decision. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990).

Because the complainant's hearsay statements were admitted at trial, the complainant's credibility could be attacked and supported by any evidence which would have been admissible if the complainant had testified as a witness. Tex.R. Evid. 806. Evidence that a witness has been convicted of a crime is admissible to attack a witness's credibility if the crime was a felony or involved moral turpitude and the court determines that the probative value of admitting the evidence outweighs its prejudicial effect. Tex.R. Evid. 609(a). The evidence may be elicited from the witness or established by public record. Tex.R. Evid 609(a). Evidence of a conviction is not admissible, however, if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interest of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. Tex.R. Evid 609(b).

■ Defendant's Exhibit 3 is a capias pro fine, deferring the complainant's adjudication for the offense of impersonating an LVN. Unadjudicated crimes are not admissible to show bad character for truthfulness under rule 609 of the Texas Rules of Evidence. *Maxwell v. State*, 48 S.W.3d 196, 199 (Tex.Crim.App.2001); *Moreno v. State*, 22 S.W.3d 482, 485–86 (Tex.Crim.App.1999). Although defense counsel stated that the deferred adjudication had been revoked, the only document before the trial court which Arroyo sought to have introduced was the capias deferring adjudication. No evidence was before the trial court to establish the revocation of the deferred adjudication. Additionally, the date the complainant's adjudication was deferred was August 18, 1988. Arroyo's trial was held in October of 1998. Although the complainant was placed on community supervision for six months, the federal courts and state courts guided by federal interpretations have held that the termination of the probationary period is not the date to be considered in calculating the ten year period for purposes of rule 609. *See, e.g., United States v. Daniel*, 957 F.2d 162, 168 (5th Cir.1992); *United States v. Butch*, 48 F.Supp.2d 453, 465 (D.N.J. 1999); *Bizmark, Inc. v. Kroger Co.*, 994 F.Supp. 726, 728 (W.D.Va.1998); *THK America, Inc. v. NSK, Ltd.*, 917 F.Supp. 563, 569 (N.D.Ill.1996); *State v. Dunlap*, 187 Ariz. 441, 930 P.2d 518, 538 (App. 1996); *Wilson v. Sico*, 713 A.2d 923, 924 (Del.1998). Absent evidence that the offense was subsequently adjudicated and community supervision revoked, the ten year period is calculated from the date of the conviction or, in this case, the deferral of adjudication. Accordingly, more than

ten years had elapsed for purposes of rule 609(b), and Arroyo failed to show that the deferred adjudication should otherwise be admitted in the interest of justice.

■■ Defendant's Exhibit 4 consisted of several documents from the complainant's file relating to a conviction for welfare fraud. Included among the documents were the indictment detailing the various counts of welfare fraud, the plea documents showing that the complainant pled guilty and agreed to pay $1,326.40 in restitution, and the motion to revoke that detailed five separate probation violations. The details of the offense are not admissible under rule 609. *See Mays v. State*, 726 S.W.2d 937, 953 (Tex.Crim.App.1986). Similarly, the details of the basis for a probation revocation are also inadmissible. Because Arroyo failed to segregate the admissible documents from the inadmissible documents, the trial court did not abuse its discretion in excluding Defendant's Exhibit 4. *Willover v. State*, 70 S.W.3d 841, 847 (Tex.Crim.App.2002).

■ Defendant's Exhibit 2 is a judgment for a misdemeanor theft conviction for which sentence was suspended on May 5, 1998. The burden of demonstrating that the probative value of evidence of prior offenses outweighs its prejudicial effect is placed upon the proponent of the evidence. *Theus v. State*, 845 S.W.2d 874, 881 (Tex.Crim.App.1992); *Pierre v. State*, 2 S.W.3d 439, 442 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd). In determining whether the proponent has satisfied this burden, a trial court should consider: (1) the impeachment value of the prior offense; (2) the temporal proximity of the prior offense relative to the charged offense and the witness's subsequent history; (3) the similarity between the prior offense and the charged offense; (4) the importance of the witness's testimony; and (5) the importance of the credibility. *Theus,*

845 S.W.2d at 880. Arroyo did not present evidence or argument regarding any of these considerations. Accordingly, the trial court did not abuse its discretion in excluding Defendant's Exhibit 2 based on Arroyo's failure to meet his burden as the proponent of the evidence.

■ Even assuming that the trial court did err in excluding the convictions, the error would be harmless. Error that does not affect substantial rights must be disregarded. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex.Crim.App.2002). Error affects a substantial right when it has a substantial and injurious effect or influence in determining the jury's verdict. *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim.App.2001). In assessing the likelihood that the jury's decision was adversely affected by the error, the appellate court should consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case. *Motilla*, 78 S.W.3d at 355. The presence of overwhelming evidence supporting the conviction can be a factor in the evaluation of harmless error. *Id.* at 357.

In addition to the hearsay statements made by the complainant, an eyewitness also testified regarding the assault. The investigating officer further testified regarding the nature of the complainant's injury that he observed and the complainant's fear and emotional state. The complainant called the officer a second time after Arroyo returned to her apartment, and Arroyo was arrested shortly thereafter. Even if the convictions had been admitted to impeach the complainant's testimony, that evidence would not have had a substantial influence on the jury's verdict

given the testimony of the eyewitness coupled with the officers' observation of the injury and the emotional state of the complainant. Accordingly, the exclusion of the evidence did not affect Arroyo's substantial rights, and any error in excluding the convictions was harmless.

The judgment of the trial court is affirmed.